## UNITED STATES *v.* BASHAW.

### *(Circuit Court of Appeals, Eighth Circuit.* May 23, 1892.)

#### No. 25.

**1. DISTRICT ATTORNEYS—COMPENSATION IN REVENUE CASES.**
   Under Rev. St. § 838, a district attorney who has rendered services in the examination of violations of the internal revenue laws, referred to him by the collector, is entitled to compensation therefor upon a certificate of the judge before whom such cases are triable, although no proceedings may have been instituted. 47 Fed. Rep. 40, affirmed.

**2. SAME—PRACTICE OF DEPARTMENT.**
   A ruling of the secretary of the treasury, and the practice of the department from 1885, supported by an opinion of the attorney general, from which the solicitor of the treasury dissented, to the effect that district attorneys were not entitled to compensation for such examinations unless followed by prosecutions, is not binding upon the courts, especially in view of a contrary decision by a district court in 1885.

   **STATUTES—AMENDMENT—CONSTRUCTION.**
   Where an amendment changes the phraseology of a former act, it will be presumed that it was the intention to make a corresponding change in its meaning.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Petition by Thomas P. Bashaw against the United States to recover for services rendered as a district attorney. Judgment for plaintiff. 47 Fed. Rep. 40. The United States appeals. Affirmed.

*George D. Reynolds,* for the United States.

*Thomas M. Knapp* and *Thomas R. Harris,* for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. At the September term, 1890, of the circuit court for the eastern district of Missouri, the appellee brought an action against the United States to recover compensation for certain services rendered by him during the years 1887 and 1888 in the capacity of district attorney for the United States in said eastern district of Missouri. The petition contained five counts, the second and third being based upon services rendered by the district attorney in examining into a number of alleged violations of the internal revenue laws of the United States, and which had been referred to him for examination by the collector of the district, under the provisions of section 838, Rev. St. The trial court found in favor of the plaintiff on these counts, and from this ruling and the judgment based thereon the United States has appealed to this court.

The question at issue, as stated in the first, second, and fourth assignments of error, is that the court below erred in receiving any testimony

in support of the causes of action set forth in the second and third counts of the petition, for the reason that the facts therein stated did not show any cause of action against the United States. These facts,. briefly stated, are that the collector of internal revenue for the first collection district of Missouri, during the years 1887 and 1888, reported to the plaintiff, as district attorney, that violations of the internal revenue laws had been committed in a number of cases; that the plaintiff, as required by law, examined into these cases and the facts thereof, and after such inquiry and examination he reported that proceedings therein could not probably be sustained, and that the ends of justice did not require prosecutions therein; that the services thus rendered were reasonably worth the sum of five dollars in each case; that plaintiff duly made out his claim for expenses and services incurred and rendered in these cases, and submitted the same to the district judge for the eastern district of Missouri, who duly allowed and certified the same; that said claim, so certified, was presented to the treasury department of the United States, and that the defendant wrongfully neglects and refuses to pay the same.

The question for determination is thus narrowed down to the single proposition whether, under the provisions of section 838 of the Revised Statutes, the district attorney is entitled to compensation for services rendered in cases in which no prosecution is instituted; the theory of the government being that to entitle the district attorney to recompense for services of this nature suit must be brought. Section 838, Rev. St., reads as follows:

"It shall be the duty of every district attorney to whom any collector of customs or of internal revenue shall report, according to law, any case in which any fine, penalty, or forfeiture has been incurred in the district of such attorney, for the violation of any law of the United States relating to the revenue, to cause the proper proceedings to be commenced and prosecuted without delay, for the fines, penalties, and forfeitures in such case provided, unless upon inquiry and examination, he shall decide that such proceedings cannot probably be sustained, or that the ends of public justice do not require that such proceedings be instituted; in which case he shall report the facts in customs cases to the secretary of the treasury, and in internal revenue cases to the commissioner of internal revenue, for their direction. And for the expenses incurred and services rendered in all such cases the district attorney shall receive and be paid from the treasury such sum as the secretary of the treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of: provided, that the annual compensation of such district attorney shall not exceed the maximum amount prescribed by law, by reason of such allowance and payment."

The section in express terms makes it the duty of the district attorney to examine into every case of supposed violation of the internal revenue laws referred to him by the collector, for the purpose of determining whether proceedings for fines and penalties can be sustained, and whether public justice requires the institution of proceedings; and in the cases wherein the conclusion is in the affirmative, to institute the proper proceedings, and in the cases wherein the conclusion is against the propriety of proceeding therein, then the district attorney must report the

facts to the commissioner of internal revenue. Thus it is made the duty of the district attorney to examine into and take action, either by institution of proceedings or by report adverse thereto to the commissioner, in every case of alleged violation of the revenue laws referred to him by the collector, and then the section declares that "for the expenses incurred and services rendered in all such cases the district attorney shall receive and be paid from the treasury," etc. What cases are included within the words "in all such cases?" Do not these words clearly refer to the cases previously mentioned in the section, to wit, the cases reported by the collector to the district attorney for examination? If the reference is to the cases reported by the collector for examination, and in our judgment no other construction is admissible, then the section clearly enacts that the district attorney is entitled to be paid for expenses incurred and services rendered in all cases reported to him for examination by the collector, regardless of the results of such examination. Unless compelled to do so by clear and unambiguous language, we ought not to hold that the congress of the United States in the enactment of a statute clearly intended to protect the individual citizen, as well as the United States, against the institution of proceedings not called for in the furtherance of justice, warned the district attorneys of the United States that they could not expect compensation for the expenses incurred and the services rendered by them in making the examinations provided for in the statute, unless they should find cause for the institution of proceedings. Such a construction would not only tend to defeat the very purpose of the enactment, but it would, in effect, place the government in the attitude of making the question of compensation for the services rendered depend, not upon the fact of the rendition of the services, but upon the fact that the conclusion reached was in favor of the claim asserted by the government. That which is demanded of the district attorney by the section in question is examination into facts and a determination of what public justice requires, which services are certainly judicial or *quasi* judicial in their nature, and it is repugnant to all just principles that compensation for judicial services should ever be made dependent upon the results of the decision rendered.

The position taken on behalf of the United States is clearly and briefly stated in a ruling made by Secretary Folger in 1884, and cited in the brief of counsel, in which he states:

"I am of the opinion that the secretary can have no jurisdiction and hence no power to make an allowance under that section, unless there is a judge's certificate, and that no judge can give the required certificate except in cases that have been 'tried or disposed of before' him as judge."

We agree in the view that the basis for the action of the secretary of the treasury is the certificate of the proper judge, but we do not concur in the proposition that no certificate can be properly made except as to cases actually tried or disposed of before a judge. The section provides that the attorney shall "in all such cases,"—that is, in all cases reported to him for examination,—be paid such sum as the secretary of the treasury shall deem just upon the certificate of the judge "before whom such

cases are tried or disposed of." Section 838 includes "violations of any law of the United States relating to the revenue." These violations may occur in a state, a territory, or in the District of Columbia. The name or description of the judge before whom persons charged with violating the provisions of the statutes of the United States in regard to customs, internal revenue, and the like, are triable depends upon the locality wherein the offense may have been committed. Instead of defining by official name or description the different judges who are authorized to give the certificate when the offenses reported on have been committed in a state or in a territory or in the District of Columbia, the section covers the whole ground by declaring that the certificate shall be given by the judge "before whom such cases are tried or disposed of;" in other words, the judge who is competent to try "such cases" is competent to grant the certificate.

It will be remembered that the facts to be certified to are not matters arising on the trial of cases before the certifying judge. The services for which compensation is sought under this section are all rendered before any proceedings in court are instituted, and the facts upon which the certificate is based must be proven before the certifying judge, without regard to the question whether a trial has been had or not, because the evidence adduced on the trial would not show whether the attorney had or had not incurred expenses or rendered service in examining into the case before the institution of proceedings. In other words, it is not necessary, in order to enable the judge to give the proper certificate, that the cases should have been tried before him, because all that he could learn on such trial would not give him the information upon which his certificate must be based, and therefore no weight can be given to the argument that compensation cannot be made to the attorney for services in cases not brought to trial, because such trial is needed in order to enable the judge to make the requisite certificate. If this limited view of the section is correct, it would follow that if a district attorney had rendered services in cases reported to him by the collector, had brought suits thereon, and had tried the causes, but before his account had been certified to by the trial judge the latter had died or resigned, the attorney could not recover compensation because he could not furnish the certificate of the trial judge, although his successor in office might certify to all the necessary facts.

It is also urged in argument on behalf of the United States that the prior action of the treasury department should be given controlling weight in the construction of this section, on the familiar principle that in cases of ambiguity the construction put upon the statute by the department charged with its execution, and which has been received and acted upon, should not subsequently be changed by judicial interpretation, except for cogent reasons. The facts of this case do not bring it within the rule invoked. Parties have not acted, nor have rights been acquired, upon the faith or foundation of any ruling by the treasury department upon this question of the right of the district attorney to compensation for services rendered; nor can it be properly said that there is

any settled departmental rule adverse to the claim made by the district attorney. The section requires action to be taken primarily by the judge of the proper district in certifying to the account of the attorney. In 1885 this question was carefully examined by Judge TREAT, then occupying the position of district judge for the eastern district of Missouri, and he held that the district attorney was entitled to compensation for services rendered, regardless of the question whether proceedings were or were not instituted therein. See *In re Account of Dist. Atty.*, 23 Fed. Rep. 26. The conclusion then reached by Judge TREAT has been recognized as the correct interpretation of the statute in the eastern district of Missouri from that day to this. Furthermore, in the opinion given by Attorney-General Garland in 1885, and cited by counsel for the United States, it is stated that the solicitor of the treasury accords with Judge TREAT in the construction of the statute; thus showing that there was not agreement upon the matter in the departments at Washington. The fact that the secretary of the treasury since 1885 has been guided by the opinion then given by the attorney general, contrary to the views of the solicitor of the treasury, is not sufficient to prove an established departmental rule, in view of the further fact that the ruling of the attorney general was adverse to that made and adhered to by the judges of the eastern district of Missouri when called upon to adjudge the question. On the contrary, from the record before us, it appears that this question has been an open one from the beginning, and that there is no just ground for holding that the district attorney is debarred from demanding at the hands of the court an interpretation of the statute, regardless of the action of the treasury department in refusing payment of his account. In support of the position taken by the United States, the case of *Stanton* v. *U. S.*, 37 Fed. Rep. 252, is cited, wherein Judge SHIPMAN held that if section 838 was the only one which relates or has related to the question, the construction claimed by the district attorney would seem to be correct; but that as section 838 was an amendment in 1873 of the seventh section of the act of July 18, 1866, and as the latter act expressly declared that compensation should be given for expenses incurred and services rendered in prosecutions for such fines and personal penalties, it must be assumed, notwithstanding the change in the words used in the two statutes, that congress, in the enactment of the amendment, only intended to include internal revenue cases with customs cases, and did not intend to change the provisions of the act of 1866 in regard to compensation to the attorney. It is a fundamental rule of construction that, if possible, force must be given to all the words used therein, and also that, when a previous statute is amended by an alteration of the terms used therein, it is to be presumed that it was the intent to alter the meaning of the previous act in that particular. If it was the intent of congress, in passing the amendatory act of 1873, to leave the question of compensation to the attorney unchanged, why was it that congress struck out the words "for expenses incurred and services rendered in prosecutions for such fines and personal penalties," etc., and inserted the words found in section 838? The

natural presumption is that the phraseology of the statute was changed in order to change its meaning. The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act. If, according to the theory of the *Stanton Case*, the only purpose of congress in adopting the amendment of 1873 was to add internal revenue cases to the class of cases which might be reported to the district attorney for his examination and action thereon, why change the language of that clause of the act of 1866 which limited the right of compensation to e¯ʹenses incurred and services rendered in prosecutions for fines and penal. .es? It is admitted in the opinion in the *Stanton Case* that the language found in section 838 justifies the construction put thereon by the district attorney. This is tantamount to saying that this clause of section 838, if construed by itself, does not mean the same thing as the corresponding clause in the act of 1866. Is it not then a forced construction of section 838 to hold that the difference in the language must go for naught, upon the assumption that congress only intended to enlarge the statute of 1866 by including within its provisions cases arising under the internal revenue laws? In our judgment, the change in the language used in the amendatory act of 1873 must be given its legitimate force, and the fair and natural meaning of the words used in the section ought not to be narrowed in the attempt to make its meaning conform in this particular to the previous statute.

There cannot be any doubt of the burdens placed by the section upon the district attorney. It is plainly made his duty to examine into every case reported to him by the collectors of customs or of the internal revenue, and to determine whether they should or should not be prosecuted. No less direct and unequivocal is the declaration of the section that "for the expenses incurred and services rendered in all such cases the district attorney shall be paid." The question of payment or no payment is not left open by the statute. It is not left to the discretion of the secretary of the treasury or of a judge to determine whether payment shall be made. The statutory declaration is that in all such cases the district attorney shall be paid such reasonable sum as the proper judge shall certify, and shall be approved by the secretary of the treasury. The right to compensation is acquired by the rendition of services in the examination of cases reported to the attorney for examination by the collectors of customs and of revenue. The amount to be paid is to be ascertained by proving the facts before the proper judge, obtaining his certificate and the approval of the secretary of the treasury. The purpose of the statute being clearly shown by a consideration of all its provisions, this purpose is not to be defeated because there are to be found in the statute some words or expressions which, if literally construed, would militate against the meaning given the statute as a whole. In such cases courts are required to give to such words or clauses not a literal construction, but one which will give effect to the clear intent of the legislature as the same is gathered from the entire statute. Thus it

is said by the supreme court in *Heydenfeldt* v. *Mining Co.*, 93 U. S. 634: " If a literal interpretation of any part of it would operate unjustly, or lead to absurd results, or be contrary to the evident meaning of the act taken as a whole, it should be rejected." See also *Church of the Holy Trinity* v. *U. S.*, 143 U. S. 457, 12 Sup. Ct. Rep. 511.

In our judgment, section 838, taken as a whole, clearly declares that the district attorney is entitled to compensation for services rendered in all cases reported to him for examination under its provisions, regardless of the question whether suits are in fact instituted or not; and this clearly expressed purpose is not to be changed or modified by reason of the ambiguity created by the phrase "upon the certificate of the judge before whom such cases are tried or disposed of." These words can be construed so as to give an harmonious meaning to the entire section, and the literal construction of the particular clause must yield to the broader meaning demanded by the section as a whole.

In view of this conclusion, the judgment of the court below must be and is affirmed.