## GAVIT v. IRWIN, Internal Revenue Collector.

(District Court, N. D. New York. August 22, 1921.)

Internal revenue ⬤⚊7—Bequests held not taxable income.

> By his will a testator bequeathed a share of his estate in trust for a granddaughter, who was an infant, directing the trustees to apply so much of the income therefrom as they thought necessary to her support and maintenance, and to pay one-half of the remaining income to plaintiff, who was the father of the granddaughter, during his life, but not longer than the infancy of his daughter, and not longer than her natural life, should she die before attaining the age of 21 years. Held that, under Income Tax Act, § II, subd. B, providing that "the net income of a taxable person shall include * * * gains or profits and income derived from any source whatever, including the income from, but not the value of, property acquired by gift, bequest, devise, or descent," the sums received by plaintiff from the trustees were not income as to him, but capital bequests, since he had no interest, and never could have any, in the capital of the trust fund, and were not taxable under the act.

At Law. Action by E. Palmer Gavit against Roscoe Irwin, Collector of Internal Revenue. On demurrer to complaint. Overruled.

Neile F. Towner, of Albany, N. Y., for plaintiff.

Dennis B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for defendant.

COOPER, District Judge. By the will of Anthony N. Brady, deceased, he divided his estate into six equal parts, and devised one-sixth of his estate in trust to his executors, who were thereby made trustees. The trustees were directed to apply so much of the income and profits from such one-sixth as in their discretion they thought necessary for the support and maintenance of decedent's granddaughter, Marcia Ann Gavit, daughter of the plaintiff herein, and to

divide the remainder of the income of such one-sixth, not necessary for the support of the granddaughter, into two parts, one of said parts to be paid to the plaintiff during his life, but not longer than the infancy of the daughter, Marcia Ann Gavit, and not longer than her natural life, should she die before attaining the age of 21 years.

During the tax years of 1913, 1914, and 1915, the plaintiff received certain sums of money under the provisions of the Brady will, upon which he has been required to pay, as normal tax, additional tax, and penalties, the sum of $21,602.16. He paid this under protest, and appealed to the Commissioner of Internal Revenue, who decided against him, and the plaintiff has now brought this action to recover such amount of taxes, with interest.

The question before the court, arising upon a demurrer to the complaint, is whether or not the moneys so received by the plaintiff under the aforesaid provisions of the Brady will are taxable as income, within the meaning of the Income Tax Act of October 3, 1913 (38 Stat. 114). The provisions of this act, so far as applicable, are as follows:

## "Section II.

"A. Subdivision 1. That there shall be levied, assessed, collected, and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year *to every citizen* of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of 1 per centum per annum upon such income. * * *

"Subdivision 2. In addition to the income tax provided under this section (herein referred to as the normal income tax) there shall be levied, assessed, and collected upon the net income of every individual an additional income (herein referred to as the additional tax) of 1 per centum per annum upon the amount by which the total net income exceeds $20,000 and does not exceed $50,000. [Here follows percentages of additional tax.]" * * * All the provisions of this section relating to individuals who are chargeable with the normal income tax, so far as they are applicable and are not inconsistent with this subdivision of paragraph A. shall apply to the levy, assessment, and collection of the additional tax imposed under this section."

"B. That * * * the net income of a taxable person shall include * * * gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise, or descent."

"D. * * * Guardians, trustees, * * * and all persons, * * * acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals. * * *

"E. * * * All persons, * * * in whatever capacity acting, including * * * trustees acting in any trust capacity, * * * having the control, receipt, custody, disposal, or payment of interest, rent, salaries, wages, * * * or other fixed or determinable annual gains, profits, and income of another person exceeding $3,000 for any taxable year, other than dividends on capital stock, or from the net earnings of corporations and joint-stock companies or associations subject to like tax, who are required to make and render a return in behalf of another, as provided herein, to the collector of his, her, or its district, are hereby authorized and required to deduct and withhold from such annual gains, profits, and income such sum as will be sufficient to pay the normal tax imposed thereon by this section, and shall pay to the officer of the United States Government authorized to receive the same; and they are each hereby made personally liable for such tax. * * *

The plaintiff contends that the moneys thus received by him are not income, under the provisions of the act of 1913, especially in view of the provisions of subdivision B of such act, and that, even if they come under the act of 1913, they are not income within the meaning of the Sixteenth Amendment to the Constitution of the United States, and that the statute is unconstitutional.

The courts have held that income, within the meaning of the Constitution and the Income Tax Act passed pursuant to the Sixteenth Amendment, must be taken in the common understanding of the term. Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. Income, as laid down by the United States Supreme Court, within the purview of the Constitution, is defined as:

"* * * The gain derived from capital, from labor, or from both combined, provided it be understood to include profits gained through a sale or conversion of capital assets." Eisner v. Macomber, 252 U. S. 189, citing Stratton Ind. v. Howbert, 231 U. S. 399, 415, and Doyle v. Mitchell Bros. Co., 247 U. S. 179, 185.

In the same case (Eisner v. Macomber) the relation of capital to income is expressed as follows:

"The fundamental relation of 'capital' to 'income' has been much discussed by the economists, the former being likened to the tree or the land, the latter to the fruit or the crop; the former depicted as a reservoir supplied from springs, the latter as the outlet stream, to be measured by its flow during a period of time."

Since the moneys received by plaintiff were not income from labor, nor from labor and capital combined, nor from the sale or conversion of capital assets, we have only to do with income received from capital. Income, as now considered, is, after the severance, separate and apart from the capital; it is as separate and apart from the capital as the fruit from the tree, the crops from the land after severance, or the waters in the outlet stream after passing out of the reservoir. It is something which has grown out of or issued from capital, leaving the capital unimpaired and intact. Having these considerations in mind, it cannot be said that these moneys received by the plaintiff arose from any capital of his. So far as appears from the pleadings in this case, he had no land, trees, or reservoir to produce crops, fruit, or outlet water—no capital of any kind whatever.

If the Income Tax Law of 1913, therefore, is intended only to tax the income, which is the fruit of the taxpayer's labor, or the income from the taxpayer's capital, in which he has a present ownership (or at least a vested future interest, meantime receiving the income or the gain from the sale or conversion of the taxpayer's capital assets), then the money received by the plaintiff is not income as to him, because he has not and never will have the slightest ownership, present or future, vested or contingent, in the capital producing this income. If this is income, therefore, it is the income, not of the capital of the plaintiff, but of the capital of a portion of the Brady estate, which capital will never be that of the plaintiff.

There is nothing in the act of 1913 which taxes income which is not the income of the citizen or the individual sought to be taxed. The

levy, assessment, and payment is upon the net income of a "*citizen*." Section A, subdivision 1. "*Individuals*" are chargeable with the normal and the additional income tax. Section A, subdivision 2. The return required by section A, subdivision 2, is a *personal* return. An estate is not a "citizen" nor a "person." There is nothing in the act of 1913 which shows any intent to tax the income of estates, as distinguished from the income of a citizen or individual resident of the country. There is in the act no definition of citizen or individual which makes either of these terms include estates.

It is true that section A, subdivision 1, speaks of "income arising or accruing from all sources * * * to every citizen" and section A, subdivision 2, used the language, "income derived from any source whatever." This must, however, be held to mean moneys which are essentially income, and which are income received from the labor or capital, or both, or the sale or conversion of the capital assets, of the person sought to be taxed, and to be limited by the provisions of subdivision B.

The act of 1913 in section II, subdivision B, purports to define the income of a taxable person liable to tax. There is no suggestion in subdivision B of any tax upon the income of estates, as distinguished from the income of individuals. This subdivision B, in defining what shall be deemed to be income of a "*taxable person*," provides that the net income of a "*taxable person*," shall include "*income from*, but *not the value of property* acquired by gift, bequest, devise or descent." This means that there shall be included, within the taxable income of a person liable to tax, the income which he shall receive from property acquired by gift, bequest, devise, or descent. It should be construed as if the statute read:

"The income of a taxable person shall include the income from property acquired by gift, bequest, devise or descent, but not the value of the property itself."

The transfer of possession and the beneficial use of property acquired by a person by gift, bequest, devise, or descent is usually delayed by reason of the necessity for operating the legal machinery required to execute the provisions of the law of trusts, probate, and intestacy. Oftimes the property which the person thus receives is withheld for a period of time, and he does not get the corpus or capital of the property which he receives by gift, bequest, devise, or descent until a long time after the right thereto is created. During all this suspension of absolute ownership and possession of the property thus acquired, interest or income accrues. The intent of subdivision B is to tax to the person the income which accrued and is received by him from the property acquired by gift, bequest, devise, or descent, and which property has been withheld from him. There is no suggestion in subdivision B that the income of estates as such, regardless of what disposition is made of the income, shall be taxable, and the tax thereon paid by any person, either in his individual right or as fiduciary.

The other provisions of the act relating to fiduciaries are in entire harmony with this construction. Subdivision 2, paragraph D, re-

quires the guardians, trustees, etc., of persons *who are subject to an income tax because of the amount of income received* from such property, acquired by gift, bequest, devise, or descent, to make a return of the net income of such persons, subject to this tax, for whom such guardians or trustees act. Subdivision 2, paragraph E, provides that, where the income of any person subject to tax shall exceed $3,000 for any taxable year, the guardian, trustee, etc., of such person shall withhold and deduct from the income paid to such person the amount of the income tax on such income so paid to such person. The last provisions relating to fiduciaries are machinery to safeguard the government's obtaining the income tax on the income of persons from property which they acquire by gift, bequest, devise, or descent, which property and the income therefrom is temporarily in possession and custody of fiduciaries.

To make these fiduciary provisions and subdivision B applicable, and to bring a person thereunder, there must be both income of the property received by gift, bequest, devise, or descent, and also the property or capital itself. Unless there is both, there is no income within the meaning of these provisions of the Income Tax Law, and no income tax to be paid; nor is there any return to be made by the fiduciaries, nor any tax to be withheld from the moneys paid to the beneficiary.

Applying this to the case at bar, we must find as to the plaintiff both the income from the property acquired by gift, bequest, devise, or descent, and the property itself, within the meaning of the Income Tax Law of 1913. If these moneys received by the plaintiff from the trustees from this one-sixth portion of the Brady estate are income as to him, where is the property acquired by the plaintiff from the Brady estate—in other words his capital, either in present possession or right of future possession, from which the income arose? Clearly there is none. He never gets the property which produces the income. So as to him there is not both the property acquired by gift, bequest, devise, or descent and the income thereof.

The learned district attorney recognizes and concedes that "income" must be something separate, apart, and distinct from "capital," both belonging to the plaintiff. He argues in his brief that the *right* to receive the moneys must, of necessity, be the *capital* or corpus from which the moneys received by the plaintiff accrued. This contention does not carry conviction. Heirs have a *right* to inherit. That does not make the inheritance income. So, too, an instrument providing for the future transfer of property would give the transferee the *right* to it, but would not thereby make the transferred property income.

Moreover, there is nothing fixed, absolute, or certain about the plaintiff's right to receive any moneys in any year under the provisions of the will. If the trustees elect that the whole amount of the income of the one-sixth is necessary for the support of the testator's granddaughter as she grows older and as her expenses increase, the plaintiff gets nothing. His *right* is extinguished. To call such a *right* property or capital, or the equivalent thereof, within the provisions of the act of 1913, would be unreasonable.

Further consideration of the character or legal status of the moneys received by plaintiff may be helpful. If the will had provided that the income of this one-sixth of the Brady estate, during the first year after his death, should be paid to the plaintiff, and the income thereafter appropriated to the support of his granddaughter so far as necessary, and the balance accumulated for her benefit, would any one contend that the payment to the plaintiff in the one year was income within the meaning of the act of 1913? If the testator in his will had provided for such payment during the first two years after his death, would any one contend that the moneys paid to the plaintiff during the two years was income within the meaning of the act of 1913?

Would it not be clear that this was property acquired by bequest or devise by the plaintiff, the *value* of which is provided by subdivision B of the act of 1913 to be not taxable as income? Does the fact that the plaintiff received a portion of the income of this one-sixth for 3 years under the act of 1913, and may receive it longer, change its character from capital to income under this act? Under no circumstances can it last longer than 15 years, the granddaughter being 6 years of age. It may cease immediately.

From the foregoing it must be determined that there is no provision of the Income Tax Law of 1913 by which it can be held that the moneys received by plaintiff during these years 1913, 1914, and 1915 are income and taxable. While the moneys received by plaintiff are income as to the estate, they are not income as to the plaintiff. As to him, they are the property acquired by bequest or devise, and therefore not taxable. It was not until 1916 that any provision was made in the income tax act for a tax upon the income of estates, as well as a tax upon the income of persons. By the amendment of 1916 (Act Sept. 8, 1916, c. 463 [Comp. St. § 6336a et seq.]) it was provided for the first time that the income of estates or of any kind of property held in trust should be taxed to the estates. Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 Sup. Ct. 386, 65 L. Ed. —— (March 28, 1921). The Congress, while making this amendment, also eliminated from the Income Tax Law that provision of subdivision B in the act of 1913, which provided that an income tax should be levied upon the income received by persons from property acquired by gift, bequest, devise, or descent, but not upon the property itself.

It may then be presumed, in the light of this amendment, that the legislative intent in 1916 was to cover the defect, if it may be termed such, and to change the statute to include cases similar to the one in question not before included. Its insertion indicates that Congress at least was doubtful whether the previous act included income of estates. United States v. Field, 255 U. S. 257, 41 Sup. Ct. 256, 65 L. Ed. —— (February 28, 1921); United States v. Bashaw, 50 Fed. 749, 754, 1 C. C. A. 653.

In view of this holding that the moneys received by the plaintiff are not income within the meaning of the act of 1913, it is not necessary to pass upon its constitutionality.

The demurrer is overruled.