## UNITED STATES *v.* BASHAW.

APPEAL FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 779. Submitted January 8, 1894. — Decided March 19, 1894.

An action cannot be maintained against the United States by a District Attorney, to recover for services rendered and expenses incurred in prosecuting for fines, penalties, and forfeitures, under Rev. Stat. §§ 838

and 3085, for violations of the Customs laws or the Internal Revenue laws, unless the Secretary of the Treasury first determines what sum he deems just and reasonable therefor.

THOMAS P. BASHAW brought an action against the United States in the Circuit Court for the Eastern District of Missouri to recover compensation for certain services rendered by him during the years 1887 and 1888 in the capacity of District Attorney for the United States in that district. The petition contained five counts, of which the second and third were based upon services for investigating certain alleged violations of the internal revenue laws of the United States, which had been referred to him for examination by the collector for the district, under section 838 of the Revised Statutes. The claim under the second count was for $825, being for the examination of 165 cases at $5 for each case, in which the District Attorney had decided that proceedings could not probably be sustained, or that the ends of justice did not require them to be instituted. The claim under the third count was for $235 for similar services in respect of 47 cases. In each count it was alleged that plaintiff had made out and submitted his claim to the District Judge of the Eastern District of Missouri, and that the same had been duly allowed and certified by him, and that afterwards plaintiff presented the claim for payment "to defendant in its Department of the Treasury, to the accounting officers of the Treasury, whereupon said defendant, by its said Department, wrongfully neglected and refused to pay the same."

The Circuit Court found in favor of the United States as to the first and third counts, and in favor of plaintiff on the second, third, and fifth counts, and gave judgment for $1070, which included the sum of ten dollars under the fifth count, as to which no question is raised. The court made certain findings of fact and conclusions of law.

The second finding of fact was as follows :

"2. The court further finds the facts to be as stated in the second and third counts of the petition, that is to say, the court finds that between the 28th day of January, 1887, and first day of July, 1888, the collector of internal revenue for

the first collection district of Missouri reported to the plaintiff herein (who was then United States District Attorney for the Eastern District of Missouri) divers and sundry cases of alleged violations of the internal revenue laws of the United States, to the number of 165; that the plaintiff inquired into and examined each of said cases, and that upon such inquiry and examination decided that proceedings therein could not probably be sustained, and that the ends of justice did not require that such proceedings should be prosecuted, and that he thereupon made a report of the facts in such cases to the Commissioner of Internal Revenue for his direction. The court finds that the plaintiff's services were reasonably worth the sum of five dollars in each of said cases, to wit, total sum of eight hundred and twenty-five ($825.00) dollars.

"That between the first day of July, 1888, and the 31st day of December, 1888, he made like examination and report in forty-seven other cases of alleged violations of the internal revenue laws which were reported to him by said collector of internal revenue; that the plaintiff's services in each of the said forty-seven cases was likewise reasonably worth the sum of $5.00 per case, or the total sum of two hundred and thirty-five ($235.00) dollars."

The record did not show that the accounts were allowed and certified by any Judge, but it appeared from letters of the Assistant Secretary of the Treasury, in evidence, that the claim for $825 was rejected in these terms: "In accordance with the rulings of this department and the opinion of the Attorney-General, this account cannot be allowed because the cases were not tried or disposed of before a Judge;" and that for $235, in the same language, with these words added: "And consequently no Judge can give the certificate which the law requires and which is necessary as the basis of the Secretary's allowance."

Judgment having been rendered, the case was carried by appeal to the United States Circuit Court of Appeals for the Eighth Circuit, and the judgment was by that court affirmed. The opinion is reported in 4 U. S. App. 360. An appeal was then taken to this court.

By the seventh section of the act of Congress of July 18, 1866, c. 201, entitled " An act further to prevent smuggling and for other purposes," 14 Stat. 178, 179, it was made the duty of the District Attorney, upon the report of the collector of customs thereby required, to " cause suit and prosecution to be commenced and prosecuted without delay for the fines and personal penalties by law in such cases provided, unless upon inquiry and examination he shall decide that a conviction cannot probably be obtained, or that the ends of public justice do not require that a suit or prosecution should be instituted, in which case he shall report the facts to the Secretary of the Treasury for his direction; and for expenses incurred and services rendered in prosecutions for such fines and personal penalties, the District Attorney shall receive such allowance as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such prosecution was had;" etc.

By act of Congress of March 3, 1873, c. 244, 17 Stat. 580, the seventh section of the former act was amended and the same provisions in substance extended to internal revenue cases; and it was made the duty of the District Attorney on report of the collector of customs or the collector of internal revenue, as the case might be, " to cause the proper proceedings to be commenced and prosecuted without delay for the fines, penalties, and forfeitures by law in such case provided, unless, upon inquiry and examination he shall decide that such proceedings cannot probably be sustained, or that the ends of public justice do not require that proceedings should be instituted, in which case he shall report the facts in customs cases to the Secretary of the Treasury, and in internal revenue cases to the Commissioner of Internal Revenue, for their direction; and for the expenses incurred and services rendered in all such cases the District Attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable upon the certificate of the judge before whom such cases are tried or disposed of: *Provided*, That the annual compensation of such District Attorney shall not exceed the maximum amount now prescribed by law;" etc.

These provisions were carried forward into the Revised Statutes as section 838, under Title 13, " The Judiciary," and section 3085, under Title 34, " Collection of Duties." These sections are as follows :

" Sec. 838. It shall be [the] duty of every district attorney to whom any collector of customs, or of internal revenue, shall report, according to law, any case in which any fine, penalty, or forfeiture has been incurred in the district of such attorney for the violation of any law of the United States relating to the revenue, to cause the proper proceedings to be commenced and prosecuted without delay, for the fines, penalties, and forfeitures in such case provided, unless, upon inquiry and examination, he shall decide that such proceedings cannot probably be sustained, or that the ends of public justice do not require that such proceedings should be instituted ; in which case he shall report the facts in customs cases to the Secretary of the Treasury, and in internal revenue cases to the Commissioner of Internal Revenue, for their direction. And for the expenses incurred and services rendered in all such cases, the district attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom. such cases are tried or disposed of : *Provided*, That the annual compensation of such district attorney shall not exceed the maximum amount prescribed by law, by reason of such allowance and payment."

" Sec. 3085. District attorneys, upon receiving the report of a collector, shall cause suit and prosecution to be commenced and prosecuted without delay for the fines and personal penalties by law in such case provided, unless upon inquiry and examination they shall decide that a conviction cannot probably be obtained, or that the ends of public justice do not require that a suit or prosecution shall be instituted, in which case they shall report the facts to the Secretary of the Treasury for his direction. For expenses incurred and services rendered in prosecutions for such fines and personal penalties, they shall receive such allowance as the Secretary of the Treasury shall deem just and reasonable, upon

the certificate of the judge before whom such prosecution was had."

*Mr. Assistant Attorney General Dodge* and *Mr. James H. Nixon* for appellants.

*Mr. Lewis E. Stanton, Mr. C. C. Lancaster,* and *Mr. J. W. Emerson* for appellee.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

The Circuit Court of Appeals held that the words, in respect of payment for expenses and services, "in all such cases," in section 838, referred to the cases previously mentioned in the section, namely, the cases reported by the collector to the district attorney for examination; that, therefore, the attorney would be entitled to be paid for expenses and services in all cases reported to him and examined, regardless of the results of such examination; that it ought not to be supposed that Congress, while intending to protect the individual citizen, as well as the United States, against the institution of proceedings not called for in the furtherance of justice, at the same time placed the government in the attitude of making the question of compensation depend upon a conclusion reached in its favor; that as the phraseology of the seventh section of the act of July 18, 1866, was changed by the act of March 3, 1873, by striking out the words "in prosecutions for such fines and personal penalties," and inserting "in all such cases," the presumption was that a change of meaning was intended; and that section 838, embodying the act of 1873, should not be narrowed to conform to the act of 1866; but no reference was made to the carrying forward of the latter into section 3085. It was conceded that the basis for the action of the Secretary of the Treasury was the certificate of the proper judge, but considered that the giving of such certificate was not necessarily limited to the judge before whom the cases were "tried and disposed of," and that where, on examination, no prosecution was had, the judge who was

competent to try "such cases" was competent to grant the
certificate. The court held that the question of payment or
no payment was not left to the discretion of the Secretary,
and that: "The right to compensation is acquired by the
rendition of services in the examination of cases reported to
the attorney for examination by the collectors of customs and
of revenue. The amount to be paid is to be ascertained by
proving the facts before the proper judge, obtaining his cer-
tificate, and the approval of the Secretary of the Treasury."

Certain considerations, however, confront us at the thresh-
old, which are fatal to the judgment, and render any deter-
mination of the principal question discussed uncalled for.

The findings of the Circuit Court do not show, nor is it any-
where disclosed by the record, that, prior to the presentation
of the claims to the Secretary, the facts were proven before
any judge and the amounts claimed certified by him; and it
affirmatively appeared that the Secretary had not determined
what sum he deemed just and reasonable to be paid.

The rejection of the claims was placed, it is true, upon the
ground that they could not be allowed for want of certificate,
in accordance with the rulings of the department and the
opinion of the Attorney General; but the facts remain that
the Secretary had made no allowance, and that this record
fails to show that the exercise of his discretion in that regard,
even from plaintiff's standpoint, had been properly invoked.

And in this connection it is proper to observe that our atten-
tion is called, by the brief of counsel for the government, to
rulings of Secretary Bristow, August 29 and December 9, 1874;
of Secretary Folger, February 26 and 28, 1884; and of Secre-
tary Fairchild, of December 18, 1886; that the Secretary of the
Treasury can make no allowance for services where legal pro-
ceedings were not commenced, because he could not do so unless
there was a judge's certificate, and such certificate could not be
given except in cases that were tried or disposed of before the
judge so certifying, and the practice under the act of 1873 and
the Revised Statutes seems to have been uniformly in accord-
ance with these rulings. The department held, in short, that the
statute did not apply to cases not tried and disposed of. The

opinion of Attorney General Brewster, of March 2, 1885, (18 Opins. 126,) and of Attorney General Garland, in a letter to the Secretary of the Treasury, of November 17, 1885, (31 Internal Revenue Record, 382,) are to the same effect. The latter was of opinion that sections 838 and 3085 should be read together, and that so construed the established practice of the department was maintained. This was the view taken by Judge Shipman in *Stanton* v. *United States,* 37 Fed. Rep. 252, who held that it was not the intention of Congress to authorize payment for such services, " unless prosecutions had been commenced." It was otherwise ruled by Judge Treat, in *In re Account of District Attorney,* 23 Fed. Rep. 26, followed by his successor, Judge Thayer, in this case, 47 Fed. Rep. 40 ; and a like opinion was expressed by the Solicitor of the Treasury on April 30, 1885.

But, without further remark on this branch of the case, it must be admitted that, even if the rulings of the Department were erroneous and its practice not controlling, upon which we express no opinion, whatever sum was to be paid was left to be determined by the Secretary of the Treasury as he should deem reasonable and just, and this involved the exercise of judgment and discretion on his part. The courts cannot control, though in proper cases they may direct, the exercise of judgment or discretion in an executive officer. In this case, as we have said, the exercise of discretion was not properly invoked, and the party had no right to ask the court to substitute its judgment for the judgment of the Secretary.

*The judgment of the Circuit Court of Appeals for the Eighth Circuit is reversed ; the judgment of the Circuit Court of the United States for the Eastern District of Missouri is also reversed, and the cause remanded to that court for further proceedings in conformity with this opinion.*

Mr. JUSTICE WHITE was not a member of the court when this case was considered, and took no part in its decision.