Weldon, J.,
delivered the opinion of the court:
The claimant was, from the 27th of March, 1889, and during the years 1890 and 1891, the district attorney of the United States for the eastern district of Arkansas. During that period there were reported to him by the collector of internal revenue within his district, under section 3164, Eevised Statutes, a number of cases in which fines, penalties, and forfeitures were alleged to have been incurred under the provisions of the internal-revenue laws:
The claimant examined the facts and law applicable to each' case under the provisions of section 838, Eevised Statutes, and in a number of cases, to wit, 133, he decided that proceedings should not be instituted because “the ends of justice would not thereby be secured,” and reported such decision to the Oom-missioner.of Internal Eevenue, giving in detail the names of persons and the result of his examination.
Subsequently to the performance of the service, and after the close of his term of office, he presented accounts for such services to the Hon. John S. Williams,-judge of the eastern district court of Arkansas in open court. Such accounts set forth specifically the kind and character of service rendered, and a charge of $5 for each case, amounting in the aggregate to the sum of $665.
Upon examination of the accounts, and reference to and report from an examiner, the judge certified to the Secretary of the Treasury that the charges so made were just and reasonable.
The claimant thereupon presented his account to the Secretary of the Treasury, together with a copy of the proceedings before the Commissioner of Internal Eevenue, and also a certificate of the judge, as above stated.
The Secretary, being doubtful as to the law, transmitted the matter to this court, with an opinion that the fee should not be more than $2 in each case, but without making any specific allowance. These are the substantial facts alleged in the petition and sustained by the proof.
Upon these facts the claimant insists that he has a right to recover the sum of $665, and defendants insist that no cause of action is established.
*280 The issue arises in this proceeding upon the construction of the following section of the Revised Statutes, to wit:
“Sec..838. It shall be the duty of every district attorney to whom any collector of customs or of internal revenue shall report, according to law, any case in which any fine, penalty, or forfeiture has been incurred in the district of such attorney for the violation of any law of the United States relating to the revenue to cause the proper proceedings to be commenced and prosecuted without delay for the fines, penalties, and forfeitures in such case provided, unless upon inquiry and examination he shall decide that such proceedings can not probably -be sustained, or that the ends of public justice do not require that such proceedings should be instituted, in which case he shall report the facts in customs cases to the Secretary of the Treasury and in internal-revenue cases to the Commissioner of Internal Revenue for their direction; and for the expenses incurred and services rendered in all such cases the district attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of: Provided, That the annual compensation of such district attorney shall not exceed the maximum amount prescribed by law by reason of such allowance and payment.”
The material words of the statute — the construction of which determines the issue in this case — are as follows:
“And for the expense incurred and services rendered in all such cases the district attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of.”
It is insisted on the part of the claimant that “such cases” refers to all cases examined by the district attorney, whether in the exercise of his discretion and judgment he prosecutes the case or declines to prosecute because of the insufficiency of the testimony; and upon the part of the defendants it is contended that the term “such case” occurring in the first part of the sentence is the equivalent in identity to “such cases” as are referred to in the latter part of the section as “ tried or disposed of.”
The authorities upon the question at issue are not entirely harmonious. Both the judicial and executive interpretation of the statute differ somewhat upon the right of the district attorney to compensation under section 838.
*281 Tbe question involved in tbis proceeding was tbe subject of judicial determination in tbe case of Thomas P. Bashaw v. The United States (reported in 152 U. S., 436). The suit was commenced in tbe eastern district of Missouri, tbe plaintiff claiming tbe fees alleged to be due in tbis case. Tbe Circuit Court for tbe eastern division of tbe district gave judgment for tbe amount of tbe claim, and from that judgment an appeal was taken to tbe Circuit Court of Appeals of tbe eigbtb circuit. In that court tbe judgment of tbe lower court was affirmed, from wbicb judgment tbe defendants prosecuted an appeal to tbe Supreme Court, and tbe case is reported as stated above.
Tbe question came before tbe Circuit Court of tbe United States for tbe district of Connecticut in tbe case of Stanton v. The United States (reported in tbe 37th Fed. Rep., 252), in wbicb it was in substance beld that tbe district attorney is not entitled to recover for services unless prosecutions have been commenced.' In a later case, in tbe Circuit Court of tbe same district by another judge, it was decided that while tbe equities are. in favor of tbe district attorney, tbe court was compelled, in view of tbe history of tbe legislation and consequent bearing of section 3085 upon section 838, to follow tbe decision in tbe Stanton Case. Tbe first opinion Avas given by Judge Shipman and tbe second by Judge Townsend. In those cases section 3085 was involved instead of section 3164 j but tbe sections are in substance alike, one being applicable to customs and tbe other to internal revenue.
In tbe case of Bliss (reported in the 23d Fed. Rep., 26), Judge Treat ruled that the cases examined by tbe district attorney, but in wbicb no prosecutions were instituted, fell within tbe rule of compensation prescribed by section 838 of tbe Bevised Statutes.
Tbe Supreme Court in tbe decision of Bashaw’s Case did not reach tbe ultimate question as to whether, upon an allowance by tbe Secretary and the certificate of tbe judge, tbe district attorney would have been entitled to recorder.
In that connection tbe court says:
u Certain considerations, however, confront us at tbe threshold wbicb are fatal to tbe judgment, and render any determination of tbe principal question discussed uncalled for.
“ Tbe findings of the Circuit Court do not show, nor is it anywhere disclosed by tbe record, that, prior to tbe presenta *282 tion to the. Secretary of the Treasury, the facts were provea before any judge and the amounts claimed certified by him; and it affirmatively appeared that the Secretary had not determined what sum he deemed just and reasonable to be paid.
“ The rejection of the claim was placed, it is true, upon the ground that they could not be allowed for want of certificate, in accordance with the rulings of the Department and the opinion of the Attorney-General; but the facts remain that the Secretary had made no allowance, and that this record fails to show that the exercise of his discretion in that regard, even from plaintiff’s standpoint, had been properly invoked.”
It is true that the case at the bar differs from the Bashaw Casein that, in this case, there is a certificate-of the judge that the charges made were just and reasonable and an opinion by the Secretary that the fee should not be more than $2. Upon a very liberal construction that might be held as the equivalent of an allowance by the Secretary, but we seriously doubt whether it is sufficient to supply one of the necessary elements in a complete case under the statute.
That there is ambiguity on the face of the statute is abundantly established by the fact that courts of eminent learning and ability have arrived at different results in the interpretation of the phraseology, which being so, it opens the field of controversy for the consideration of executive construction and usage.
The Supreme Court has given great force and effect to executive construction in many decisions where questions of statutory law were the subject of contention. In the case of United States v. Moore (95 U. S., 760, 773) it is said:
“ The construction given a statute by those charged with the duty of executing it * * * ought not to be overturned without cogent reasons. * * * The officers concerned are usually able men and masters of the subject; not infrequently they are the draftsmen of the laws they are afterwards called upon to interpret.”
In a case more recent than the Moore Case — United States v Hill (120 U. S., 169) — it is in substance decided that statutes of doubtful meaning are to be construed in accordance with contemporaneous and continuous construction of officers charged with their execution and abdication, unless such construction is clearly erroneous; and in support of that theory the decision *283 cites the case of Edwards’s Lessees v. Darby (12 Wheaton, 206, 210), in which it is said:
“In the construction of doubtful and ambiguous law the contemporaneous construction of those who were called upon to act under the law and were appointed to carry its provisions into effect is entitled to great respect.”
Many decisions of the Supreme Court are cited in the opinion to sustain the same theory of the law. In the case of United States v. Philbrick (120 U. S., 52) the construction of an Executive Department is recognized as of great weight in the construction of ambiguous statutes.
So forcible has executive construction become by the continued recognition of the doctrine that the Supreme Court, in the case of United States v. Alabama Railroad Company (142 U. S., 516), has held that it amounts to an estoppel in the protection of the rights of a corporation which had contracted and dealt with the Government upon the faith and theory of such construction.
Upon the construction of the law affecting, the issue in this case the Treasury Department, through its officers, and the Department of Justice,- through its representative, have been almost uniformly against the theory of the law upon which the claimant seeks to establish his right of recovery.
It is not necessary to quote at length the many decisions of departmental construction. It is sufficient to state them as they are cited 'in the opinion of the Supreme Court in the Bashaw Case.
The court, in substance, says that the rulings of Secretary Bristow, August 29 and December 9,1874, of Secretary Folger, February 26 and 28, 1884, and Secretary Fairchild, December 18,1886, “held, in short, that the statute did not apply to cases not tried or disposed of,” and that the opinion of Attorney-General Brewster, of March, 1885 (18 Op., 126), and Attorney-General Garland, in a letter to the Secretary of the Treasury of November 17,1885 (31 Internal-Revenue Record, 382), are to the same effect)
And in this connection it may be said that while the Supreme Court did not reach in the decision of the Bashaw Case the construction of the statute upon the material question going to the right of recovery where both the certificate of the judge *284 and tbe Secretary bave been made, the fact that the decisions of the Departments upon the ultimate right of the claimant are quoted and apparently approved is argumentatively against the construction of the statute contended for by the claimant. Those, substantially, are the same citations which are relied on in the brief of counsel for the defendants in this proceeding.
While the construction in the Department has not been entirely uniform by all the officers, it has been substantially held that there is no right upon the part of the district attorney unless the case was tried or disposed of in some judicial way by the judge.
In this case, the only connection between the judge and the cases in which prosecutions were not commenced is that the claim of the plaintiff for services in such cases was submitted to the judge, who decided that the charge of §5 for the labor performed was just and reasonable.
It can not be successfully maintained that within the meaning of section 838 such cases “were tried or disposed of” by the judge.
They certainly were not tried, and as they were not reported by the district attorney for the purpose of prosecution, and therefore never passed into the judicial cognizance of the judge or court, they could not be disposed of by the judge in the exercise of his judicial function as such.
To say that a judge can dispose of a matter which is not before him and not within his judicial cognizance would be to assert an impossibility and give the statute a meaning in violation of the plain and obvious import of the words. Statutes must be construed reasonably and substantially, and not by possible and metaphysical modes of interpretation.
As the question of the right of the district attorney has been of frequent discussion and decision in the Department, and as there has been an almost uniform holding on the question against the right of fees in cases not prosecuted, we feel constrained to follow the construction of the statute adopted by the Department in the disallowance of the claim.
Petition dismissed.
Howry, J., took no part in the decision, the case having been argued before he took his seat.