LOTTINGER, Judge.
This suit was filed by the Fund American Companies, as petitioner, against Dudley A. Guglielmo, Commissioner of Insurance with the State of Louisiana, as defendant for the recovery of taxes paid the State of Louisiana under protest. The Lower Court rendered judgment in favor of petitioner and against defendant ordering the return of the taxes paid with interest, and the defendant has appealed.
The case before us presents no questions of fact for determination, the only question presented being a legal one. Counsel for the parties submitted the matter by stipulation in the Lower Court, and they have submitted the matter to this Court on the same briefs which were presented in the Lower Court, no oral argument having been made before this Court.
The pertinent provisions of the reasons for judgment presented by the Lower Court are as follows :
“The facts in this case are simply stated. The Fund American, formerly called Fireman’s Fund Insurance Company, was qualified to do and did, business in the State of Louisiana. In 1965 Fireman’s Fund entered into a ‘Reinsurance and Reorganization Agreement’ whereby it ceased engaging in the insurance business and became a holding company only, for the purpose of engaging in activities not permitted to an insurance underwriter. Under the terms of this agreement Fireman’s Fund transferred to Home Fire and Marine Insurance Company, hereafter called Home Fire,
‘ * * * all risks and liabilities of Fireman’s Fund under all policies and contracts of insurance outstanding * * *
*266 ‘All of its right, title and interest in and to all reinsurance outstanding and in force * *
Home Fire assumed primary liability for,
‘ * * * all liabilities and obligations of Fireman’s Fund for outstanding losses and loss expenses, * * * as evidenced by its books and records, excluding inter-company balances, liabilities for dividends declared and unpaid to stockholders, and liabilities for Federal income taxes.’
The Reorganization and Reinsurance Agreement was to come into effect at 12:01 A. M. on January 1, 1966, at which time Fireman’s Fund was to be renamed Fund American Companies and the name Home Fire changed to the name of Fireman’s Fund Insurance Company.
In March 1966 Fund American filed a statement with the Tax Commission showing no taxes due, as Fund American no longer carried on insurance business within the State of Louisiana.
The Commissioner replied that the tax under question was not a ‘prospective’ tax but an actual tax on premiums received. The Commissioner required payment of the tax subject however to the right of Fund American to pay under protest, which Fund American did.
The Fund American Companies brought this action for a refund against the Commissioner. The Commissioner reconvened against Home Fire, now Fireman’s Fund, on the grounds that the Reinsurance Agreement made Fireman’s Fund liable for all liabilities outstanding on December 31, 1965, that is, all taxes due on premiums received by Fund American while still doing business as Fireman’s Fund.
This matter presents two basic questions. First, are the relevant tax statutes prospective, that is, did the amount paid in 1965 cover taxes due in 1965 or due in 1964? Second, if the taxes paid in 1965 were premium taxes on business done in 1964, is Fund American or is Fireman’s Fund liable for the taxes due under the Agreement?
The answer to the first question must be based on the statutes in question, La.R.S. 22:1061 and 1067.
La.R.S. 22:1061 provides in part:
‘There is hereby levied an annual license tax for the year 1949, and for each subsequent year * * * based on the gross amount of annual premiums on all risks located in this state * * *’
La.R.S. 22:1067 provides for the license tax due when a company commences business within the state as follows:
‘Any insurer commencing business after the first of January of any year shall pay the minimum license tax as provided in the preceding sections of this Part, unless it shall have collected premiums taxable under the preceding sections during the preceding calendar year. In such a case the tax shall be based upon such premiums, but shall never be less than the minimum.’
It will be noted that the above quoted statute was in effect before the 1966 amendment and before the tax in this suit was assessed.
Generally, tax statutes must be strictly construed and any ambiguity must be held against the taxing authority and in favor of the individual tax payer. If the statutes are susceptible of more than one reasonable interpretation the court must find in favor of the tax payer. This is the thrust of the recent case of Brown v. LaNasa [244 La. 314], 152 So.2d 33 in which Chief Justice Fournet said,
‘* * * the rule prevailing in such instances, (construction of tax statutes), being that every doubt as to its application must be resolved in favor of the tax payer and against the taxing power. (Numerous cases were cited in footnote.)’
At page 36 of the LaNasa decision the Supreme Court went on to say:
‘This sentence, (the applicable sentence of the Employment Security Law), as is *267 evident from the arguments advanced here, is susceptible of at least two constructions of interpretations, and, therefore is ambiguous. In order to bring the defendant here within the purview of this word and this phrase, we would be called upon to supply our own definition by adding following the word “establishments” the phrase “whether employing unit is engaged in a number of businesses or engaged in the same business in a number of places,” as did the trial judge. This we cannot do. If such words are added, they must be added by the legislative branch of our government, the ambiguity, in the meanwhile, being resolved in favor of the tax payer under the rule of strict construction.’
This court feels that the same rule must apply in the present matter. The statutes in question are equally susceptible of two interpretations; one, that the tax payer pays an initial tax when he commences business and a yearly tax for the privilege of doing business based on the amount of premiums on all risks located in the state, as the defendant contends; or two, that the tax paid is a license tax or prospective tax whose basis is the gross amount of premiums on all risks, etc., as set out in R.S. 22:1061.
Confronted with these facts and the jurisprudence of this state, this court must follow the ruling in Brown v. LaNasa and hold in favor of the petitioner. This makes moot the second question presented in this matter and it therefore will not be considered further.
Defendant has given several reasons for asserting that this court should not find in favor of the petitioner, as well as numerous authorities from other jurisdictions which appear to support his position. The authorities are not germane to this case as they are based on statutes of other states not here in question.
Defendant points out that other companies who withdrew from Louisiana may now come back and demand a return of all taxes paid under like circumstances. As pointed out by petitioner this question is not relevant to this case. Only the case before this court at the time is considered here. We will cross one bridge at a time.
Additionally, defendant states that the question of statutory ambiguity is immaterial here as there has been no actual withdrawal by petitioner, that in fact there was a continuity of business and therefore the taxes in question are still due and owing. The status of a corporation as a legal entity, and its separation and distinction from its stockholders, is well established in the law. To hold that the stockholder, Fund American, and the corporation, Fireman’s Fund, are one and the same entity would require that this court pierce the corporate veil, an action for which defendant has not given sufficient reason or justification.
Finally, defendant contends that to hold in favor of petitioner opens up a loophole in the law which could allow a company to come into the State of Louisiana, transact business up to midnight on the 31st of December and then withdraw from the state and thereby avoid paying taxes other than the minimum specified in the statutes.
This court must hold that such a loophole did exist- at the time that Fund American withdrew from the state. However, as stated in the LaNasa case, it is for the legislature to correct ambiguities in the tax statutes, as was done by the amendment to the statutes in question by Act 173, Regular Session, 1966, after this case arose.”
We concur with the decision of the Lower Court to the effect that the language and the statute, as then written supports petitioners’ conclusion that the license tax is paid in prospect of the privilege of doing business in the year in which the tax is paid rather than the year in which the premiums forming the basis of the taxes are collected. The license, or tax, therein set up, is therefore a prospective one.
Although, as defendant contends, a loophole did exist in the law at the time that *268 Fund American withdrew from the State, the correction of this loophole is a legislative function and not a judicial one. It is interesting to note that this loophole was closed by the Louisiana Legislature when, by Section 1 of Act 173 of 1966, R.S. 22:1067, was amended to read as follows:
TAX FOR INSURER COMMENCING BUSINESS AFTER FIRST OF JANUARY; TAX FOR INSURER WITHDRAWING
“A. Any insurer commencing business after the first of January of any year shall pay the minimum license tax as provided in the preceding sections of this Part for the privilege of doing business until its annual statement for that year is filed. In the event it collected premiums taxable under the provisions of this Part during the preceding calendar year, the tax shall be based upon such premiums, but shall never be less than the minimum.
B. On or before March 1st of the following year and annually thereafter, the tax for the preceding year shall be computed as provided in this Part, except that upon the filing of the annual statement for the year in which it commenced business a new insurer shall be permitted to take credit for the minimum tax paid by it under Subsection A of this Section if the tax is in excess of the minimum. In no event, however, shall the tax be less than the minimum.
C. In the event of withdrawal of a foreign or alien insurer, as provided in R.S. 22:991, at year end, the license tax for the preceding year shall be due and payable within sixty days. In the event of withdrawal of a foreign or alien insurer at other than year end, the license tax based on premiums collected for that portion of the year in which it transacted business up to the date of withdrawal shall be due and payable within sixty days, but in no event shall the tax for the withdrawing insurer be less than the minimum license tax as provided in this Part. As amended Acts 1966, No. 173, & 1.”
The action of the Louisiana Legislature in amending these statutes so as to cover the particular situation which has been presented in this case adds weight to the decision as rendered by the Lower Court. In Hibernia National Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15, the Supreme Court of this state said:
“(1) The jurisprudence is well-settled that, when a statute (particularly one which has been interpreted by the courts) is amended, and the wording of the act is altered, the Legislature intended to change the former law on the subject. United States v. Southern Pacific Co., D.C., 230 F. 270-274; United States v. Bashaw, 152 U.S. 436, 14 S.Ct. 638, 38 L.Ed. 505; Lewis’ Sutherland Statutory Construction (2d Edition), Vol. 2, Sec. 401, p. 777, and 59 C.J. Verbo ‘Statutes’, Section 647, p. 1097.”
Although we have not been able to find any prior jurisprudence of this state in which the statute under consideration was interpreted with regard to the particular point presented herein, an interpretation thereof was made in an opinion rendered by the Attorney General’s office on May 12, 1966. Following this opinion the statute was amended as aforesaid.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all cost of this appeal to be paid by defendant.
Judgment affirmed.