## UNITED STATES v. WHYEL et al. *

### HEINER, Collector of Internal Revenue, v. HENRY WILHELM CO.

Circuit Court of Appeals, Third Circuit.
August 3, 1928.

Nos. 3638, 3673.

*Certiorari dismissed 49 S. Ct. —, 73 L. Ed. —.

Woolley, Circuit Judge, dissenting.

In No. 3638:

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa.

James Walton, of Pittsburgh, Pa., for respondents.

Isaac A. Pennypacker, J. Robert Sherrod and Joseph D. Peeler (Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Miller & Chevalier, of Washington, D. C., of counsel), amici curiæ.

In No. 3673:

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (A. W. Gregg and I. R. Blaisdell, both of Washington, D. C., of counsel), for plaintiff in error.

Charles E. Young, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. These cases were argued together. While their respective facts differ, they are controlled by the same principle of law and will be disposed of in a single opinion.

In the Whyel Case, the United States brought suit to collect from Harry Whyel and George Whyel, former stockholders of the dissolved Whyel Coal Company and the Whyel Coke Company, additional income and excess profits taxes assessed against the Whyel Coal Company for the calendar year 1918. The company liquidated and surrendered its charter on January 10, 1917. Harry Whyel and George Whyel received all the assets. The return for the coal company was filed with the permission of the collector of internal revenue on October 1, 1919. An additional tax of $37,028.85 was assessed against it on March 22, 1924.

In the case of the Wilhelm Company, a return showing a tax of $64,372.55 was filed for 1917. The return for 1918 showed a tax due of $393.29. On October 1, 1919, the company filed amended returns for those years, claiming that its tax for 1917 was only $37,731.48, instead of $64,372.55, which had been paid, and for 1918 $3,443.01. It filed a return for 1919, showing a tax due the government of $557.24. The result was that the plaintiff company, in its view, had overpaid for the year 1917, but underpaid for 1918, and refused to pay for 1919, and requested that the underpayment of 1918 and the tax for 1919 be credited to it against the overpayment of 1917, and the balance be returned to it. The Commissioner not only refused this request, but stated that plaintiff's true tax liability for 1917 was $76,117.11, instead of $64,372.55, as plaintiff's first return showed, or $37,731.48, as its amended return showed. On October 28, 1925, the Commissioner issued a distress warrant for $3,049.72, which he alleges was due for 1918. This was paid under protest. Again on February 9, 1926, he issued distraint for $557.24, which he claims was due for 1919. This was likewise paid under protest. The company filed a claim for refund of these taxes thus paid, but it was refused, and it thereupon brought suit for the two amounts, $3,049.72 for the year 1918 and $557.24 for 1919, aggregating $3,606.96.

Defendants in error say that the collection of these taxes was illegal, because it was made in each case more than five years after the return was filed, contrary to the limitation provided in section 277 (a) (2) of the Revenue Act of 1924 (26 USCA § 1057 (a) (2); Comp. St. § 6336⅛zz (4), (a) (2).

The plaintiffs in error, on the contrary, contend that the collection in each case was legal and was in accordance with the provisions of section 278 (d) of the act (26 USCA § 1061; Comp. St. § 6336⅛zz (5), (d), under which a collection may be made by distraint any time within six years after assessment.

The question is as to which of these two sections control these collections. If 277 (a) (2) does, the collections were illegal, and the judgments should be affirmed; but, if section 278 (d) controls, the collections were legal, and the judgments should be reversed.

Section 277 (a) (2) provides (except as otherwise provided in section 278) that in-

come and excess profits taxes imposed by the Revenue Act of 1918 "shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period." The distraints and collections, proceeding in court for the collection of these taxes were made and begun more than five years after the returns were filed. They were clearly illegal and barred, if controlled by the limitation provided in this section.

Plaintiffs in error say these collections come within the exception and are controlled by section 278 (d), which provides that, where the assessment is made within the period of five years after the return as provided by section 277, "such tax may be collected by distraint or by proceeding in court, begun within six years after the assessment of the tax." These collections were made within six years after the assessments, and if they are controlled by this section they were clearly legal.

In section 277 (a) (2), both the assessment and the proceeding for the collection of the tax have to occur within five years after the return was filed, but in section 278 (d) only the assessment has to be made within the five years, and the collection by distraint or proceeding may be begun within six years after such assessment.

The difficulty arises over the construction of section 278 (e) (2) of the act (26 USCA § 1062; Comp. St. § 6336½zz (5), (e) (2) which provides that "this section shall not * * * affect any assessment made, or distraint or proceeding in court begun, before the enactment of this act." The plaintiffs in error say the word "affect" means "to lay hold on; to act upon; to produce an effect upon; to impress, influence, or move the mind to; to touch; to change the status of; to act injuriously upon; to invalidate." According to their contention, section 278 (e) (2) does not "act upon," "invalidate," "change the status of," "produce an effect upon" the assessments previously made. "The only effect it produces is the extension of the collection period. It acts upon the collection, not upon the assessment." Defendants in error, on the other hand, say that "affect," as here used, means to "apply to."

Section 278 (e) (1), 26 USCA § 1062, Comp. St. § 6336½zz (5), (e) (1), provides that "this section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this act such assessment, distraint, or proceeding was barred by the period of limitation then in existence." Subsection (e) (1) does not remove the limitation then existing and authorize an assessment to be made or proceeding to be begun which is already barred, and thus revive a dead cause of action. It is restricted in scope to assessments and collections which are barred and nonexistent. Subsection (e) (2) refers to "any" assessment, distraint or proceeding already begun and not barred. In other words, subsection (e), (1) and (2), accepts assessments, distraints, and proceedings, both barred and dead, and begun and alive, just as it finds them. If barred at the time the act was approved, they remain so; but, if begun, they continue unaffected, just as though section 278 had not been enacted.

■ No new right of collection was given the government by the limitation of the Revenue Act of 1924, but an existing one was merely extended. This provision, extending the time for collecting the tax, did not create a new liability or change the old one but simply under stated conditions extended the time of exercising the remedy. Statutes of limitation relate not to substantive rights, but to remedies. They bar the remedy, and not the right. Sturges v. Crowninshield, 17 U. S. (4 Wheat.) 122, 4 L. Ed. 529; Ogden v. Saunders, 25 U. S. (12 Wheat.) 213, 348, 6 L. Ed. 606; Campbell v. Holt, 115 U. S. 620, 626, 6 S. Ct. 209, 29 L. Ed. 483.

■ Did the existing valid assessments in these two cases serve as a new point from which the new period of six-year limitation began to run? It is within the power of Congress to make a statute retroactive, but it must do so by express language or necessary implication. When the act of 1924 repealed the limitation of section 250 (d) of 1921 (Comp. St. § 6336⅛tt (d), it is clear that Congress intended the limitation of section 277 (a) and 278 (d) to apply to all cases. United States v. Russell et al. (C. C. A.) 22 F.(2d) 249.

A. W. Gregg, Esq., general counsel of the Bureau of Internal Revenue and legislative expert, who directed the drafting of this act, in explaining the purpose of section 278 to the Senate finance committee, said that it was "to keep this section from having any retroactive effect or to apply to things happening before its passage." He further said that its purpose was "to prevent the giving of any retroactive effect to the provisions of this act. The taxes under prior acts stand on their own footing, and this applies only after the passage of this act."

The Senate finance committee, in its official publication entitled "Statement of Changes Made in the Revenue Act of 1921 by H. R. 6715, and the Reasons Therefor, March 5, 1924," at page 27, said with reference to section 278 (e): "This subdivision prevents the extension of this section to assessments or proceedings already begun under the existing law." The reports of committees of the House and Senate are regarded as expositive of the legislative intent in a case where the meaning of a statute is obscure. Binns v. United States, 194 U. S. 486, 495, 24 S. Ct. 816, 48 L. Ed. 1087; Pennsylvania R. R. Co. v. International Coal Co., 230 U. S. 184, 198, 199, 33 S. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315; United States v. Coca Cola Co., 241 U. S. 265, 281, 36 S. Ct. 573, 60 L. Ed. 995; United States v. St. Paul, Minneapolis & Manitoba Railway Co., 247 U. S. 310, 318, 38 S. Ct. 525, 62 L. Ed. 1130.

The proceedings in these cases were begun more than five years after the returns were filed, and so violated the provisions of section 277 (a) (2). The time for beginning these proceedings was not extended by 278 (e) (2). The District Court did not commit error in dismissing the bills.

The judgments are affirmed.

WOOLLEY, Circuit Judge, dissents.