## DOBBINS v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Third Circuit. March 7, 1929.

No. 3909.

Robert T. McCracken and C. Russell Phillips, both of Philadelphia, Pa., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Morton P. Fisher, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Irwin R. Blaisdell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This case is here on petition of the taxpayer to review a decision of the United States Board of Tax Appeals for a deficiency in income tax for the year 1918. Edward T. Dobbins, who died in 1906, left in trust a residuary estate, part of the income from which was devised to his sister, Mary A. Dobbins, and also part to his brother, Murrell Dobbins, which was to be paid during the life of his sister, Mary. Both Mary and Murrell survived their brother, Edward, the testator. Murrell died in 1917, leaving a widow, Emily M. Dobbins, as his residuary legatee. The orphans' court of Philadelphia county held that the income from the residuary trust of the estate of Edward should be divided equally between Mary and the estate of Murrell. Dobbins' Estate, 26 Pa. Dist. R. 1107.

The right of the estate of Murrell to receive one-half of the income from the residuary estate of Edward T. Dobbins was valued at $212,438.05 and an estate tax was paid on this amount by the executors of the estate of Murrell Dobbins. Emily M. Dobbins,

widow of Murrell, received this income from the estate of her husband, Murrell Dobbins, from his death until her death in 1922, but the aggregate sum which she received during that time did not amount to $212,438 on which the estate tax was paid. In her income tax returns, Emily M. Dobbins did not include this amount thus received. The Commissioner of Internal Revenue, in the examination of her return for the year 1918, held that the amount should have been included in her return and accordingly determined a deficiency for that year. On appeal to the Board of Tax Appeals, his determination was affirmed.

The real question is whether or not the amount paid to Emily M. Dobbins, in accordance with the will of her husband, Murrell Dobbins, from the trust established by his brother, Edward T. Dobbins, was a bequest from Murrell to his widow. If it was, it was exempt from taxation as income under the Revenue Act of 1918 (40 Stat. 1057). The income from this trust was taxable to Murrell Dobbins and was included in his tax returns, but when he died this fixed income became a part of the corpus of his estate which he could dispose of by will just as he could dispose of any other property which belonged to him. This was the then opinion of the Commissioner, and so he had it appraised. The amount of its appraised value was based upon the expectancy of the life of Mary A. Dobbins, during which payments were to be made, and an estate tax was accordingly paid thereon.

The appraised value of $212,438.05, fixed for the purpose of estate taxes, was based upon the theory that this was part of the estate of Murrell Dobbins. While the fund here taxed might have been income to the estate of Murrell, it was a legacy in the hands of Emily M. Dobbins, received not from Edward T. Dobbins or his estate, but from Murrell Dobbins, under the residuary provisions of his will, and as such it was not taxable to Emily. The estate tax, which it seems to us was rightly paid, is indefensible on any other theory. The appraisement was not mathematically correct, for it might have been increased or decreased. This depended upon the length of the life of Mary A. Dobbins. It was an estate of inheritance passing under the will of Murrell, payable in installments, and not in a lump sum, though it might have been sold as such by Emily. A legacy or bequest left by will is not taxable as income. Section 213b(3) of the Act of 1918 provides that the term "gross income" "does not include the following items, which shall be exempt from taxation under this title: * * * (3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income)."

If Emily M. Dobbins had sold her right to receive this bequest for $212,438.05 or any other amount, she would not have been liable to pay income tax on that amount for that year, but upon investing it, she would have been compelled to pay tax on the income therefrom. This $212,438.05 was not a sum set apart by the will of Murrell from which Emily was to receive the income, but it was the corpus itself which Emily was to receive in installments. Whether it was paid in installments or in a lump sum makes no difference so far as the income tax provision of section 213b(3) of the act of 1918 is concerned. Emily died before she received the whole of the $212,438.05. It is inconsistent for the Commissioner on the one hand to say that this $212,438.05 is a bequest to Emily, corpus under the will of Murrell, and so subject to an estate tax, and, on the other hand, to say it is not a bequest of the corpus of Murrell's estate, but income from a supposed corpus or fund of his estate, not Edward's, and it therefore must be included as income in Emily's return. This $212,438.05 may not be treated as part of the gross estate for the estate tax purposes and part of the gross income for income tax purposes. Nor do we think that it may be treated as part of the gross estate of Murrell and at the same time income to Emily. George Nichols et al. v. United States, 64 Ct. Cl. 241, 6 A. F. T. R. 7101. Had the amount received by Emily in 1918 been income for that year from a trust fund established by Murrell to produce it, it would have been taxable under the rule laid down in Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, and followed by us in the case of Heiner v. Beatty (C. C. A.) 17 F.(2d) 743, but what she received was not income from the fund set apart under his will, but the fund itself, and so is part of the corpus of his estate, a bequest within the meaning of section 213b(3) of the act of 1918.

Whatever the merits of this controversy may be, the petitioner contends that the action is barred by the statute of limitations. The tax in this case arose under the act of 1918. Section 250(d) of that act provides that: "(d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return

was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due."

The return was made shortly prior to March 15, 1919. The assessment was made between March 7 and 15, 1924. The claim in abatement was not filed until August 4, 1924, and the petition to the Board of Tax Appeals until January 16, 1926. No suit or proceeding, therefore, was begun for the collection of the tax in question until "after the expiration of five years after the date when the return was due or was made." The tax was barred when the Act of June 2, 1924, was passed. Section 278(d) of that act (26 USCA § 1061) provides that where assessment is made within the prescribed time, the tax may be collected within six years after the assessment, but paragraph (e) of that section (26 USCA § 1062) provides that section 278 shall not authorize the assessment or collection of a tax, if, at the time the act of 1924 was passed, assessment, distraint, or proceeding was barred by the period of limitation then in existence. There is no provision in the acts of 1918 (40 Stat. 1057), 1921 (42 Stat. 227), 1924 (43 Stat. 253) enlarging or extending the limitation of section 250(d) of the act of 1918 under the facts of this case. United States v. Whyel (C. C. A.) 28 F.(2d) 30; Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676; Russell et al. v. United State, 49 S. Ct. 121, 73 L. Ed. —— (decided January 2, 1929).

Section 1106 of the act of 1926 (26 USCA 1249, note) provides that the bar of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy, but shall extinguish the liability. Therefore, if the United States did have a just claim against Emily M. Dobbins in respect of any tax before the statute ran against it, the liability was absolutely extinguished in 1926 when the United States was seeking to recover it and the repeal of the section by the act of 1928 (45 Stat. 874) did not revive a dead liability or create a new obligation. United States v. Whyel, supra.

But the defense of the statute of limitations was not raised before the Board of Tax Appeals until after argument had been made. Thereafter the petitioner made ap-

plication to the board to reopen the case so that he might raise this defense, but it refused to do so. However, we may consider and dispose of a case on a question not raised in the court below. United States v. Florence E. Williams, 49 S. Ct. 97, 73 L. Ed. —— (decided January 2, 1929); rule No. 11 of this court. Any liability which the petitioner might have had was extinguished before this suit was brought, and the judgment against him for the supposed liability is reversed.

WOOLLEY, Circuit Judge, dissents.