[Civil No. 1305.   Filed May 12, 1913.]

[131 Pac. 1045.]

## YOUNG CONSTRUCTION COMPANY, a Corporation, Appellant, v. RUTH GOLD MINES COMPANY, a Corporation, and C. B. VAN DEMAN, Appellees.

APPEAL AND ERROR—BOND—NEW APPEAL BOND—STATUTES.—Under Civil Code of 1901, paragraph 1508, as amended by Laws of 1912, chapter 44, providing that no appeal shall be dismissed or judgment affirmed because of any defect in the appeal bond, if the appellant on such terms as the court may direct file a sufficient bond,

it is a condition precedent to the filing of a new bond that there be a bond on appeal, and, where the appellant has filed no appeal bond, the court has no jurisdiction to order a new bond.

APPEAL from a judgment of the Superior Court of the County of Mohave. Frank J. Duffy, Judge. Appeal dismissed.

The facts are stated in the opinion.

Mr. E. A. Meserve, Mr. Paul J. McPherrin and Mr. C. W. Herndon, for Appellant.

Mr. E. S. Clark and Mr. J. Ralph Tascher, for Appellees.

PER CURIAM.—Motion to dismiss appeal for the reason that no bond has been given on appeal as required by law.

The paper relied upon by appellant as the bond on appeal is as follows:

*"In the Superior Court of the State of Arizona in and for the County of Mohave.*

"No. ——.

"Young Construction Company, a Corporation,

Plaintiff,

v.

Ruth Gold Mines Company, a Corporation, and C. D. Van Deman,

Defendant.

"Cost Bond.

"Know all men by these presents, that we, Young Construction Company, as principal, and National Surety Company, a corporation authorized to act as surety within the state of Arizona, surety, do hereby acknowledge ourselves jointly and severally bound to Ruth Gold Mines Company, a corporation, and C. D. Van Deman, defendants, for all costs in the above-entitled suit in an amount not to exceed two hundred dollars; conditioned, however, that the said Young Construction Company, a corporation, plaintiff, will pay all costs that may be adjudged against it in said suit, during its pendency, or at the final determination thereof, and judgment for said costs

may be entered against us and each of us, in the final judgment of this cause, not to exceed said sum of two hundred dollars.

"Witness our hands this 2d day of January, 1913.

"YOUNG CONSTRUCTION COMPANY,

"By C. W. HERNDON,

"Its Attorney.

"NATIONAL SURETY COMPANY,

"By E. J. MITCHELL,

"Its Agent.

"Indorsements:
    "964.

"Approved this 3d day of January, 1913.

"L. M. TEALE,

"Clerk.

"Filed this 3d day of January, 1913, at 9 o'clock A. M.

"L. M. TEALE,

"Clerk."

The appellant admits that the bond is insufficient as a bond on appeal, but requests that it be allowed to file a good and sufficient bond under the provisions of chapter 44 of the Session Laws of the regular session of the First State Legislature, 1912; this chapter being an act to amend paragraph 1508 of the Revised Statutes of 1901, as follows: "1508. (Sec. 299). No appeal shall be dismissed or the judgment affirmed by reason of any defect or informality of the appeal bond, if the appellant shall, within such time and upon such terms as the court may direct, file a legal and sufficient appeal bond. When the bond, or affidavit in lieu thereof, provided in the preceding sections, has been filed and the previous requirements of this title have been complied with, the appeal or writ of error, as the case may be shall be held to be perfected." The requirements of this chapter are very plain. As the condition precedent to give the relief offered by this amendment there must, of course, be a bond on appeal. The bond recited does not purport to be such. If a bond on appeal be given within the time allowed by law and there be any defect or informality in such bond, the appellant may, upon such terms as the court may direct, cure the defect or informality by filing a legal and sufficient appeal bond. In this case there is

no bond on appeal at all, and, of course, this court acquired no jurisdiction upon which to base an order giving the relief mentioned in the statute.

We think the motion to dismiss appeal is well taken. Appeal dismissed.