### IRWIN, Collector of Internal Revenue, v. GAVIT. *

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

No. 70.

Internal revenue ☞7—Payments under will held "bequest," and not taxable "income."

Where a will provided that a certain share of the income from a fund left in trust until the majority of a granddaughter of testator should be paid quarterly to plaintiff during the trust term or his life, the sums so received by him were not "income" as to him, but a "bequest" not taxable under Income Tax Act Oct. 3, 1913, section 2 B of which provided that taxable income should include "the income from, but not the value of, property acquired by gift, bequest, devise 'or descent."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bequest; Income.]

In Error to the District Court of the United States for the Northern District of New York.

Action at law by E. Palmer Gavit against Roscoe Irwin, Collector of Internal Revenue for the Fourteenth District of New York, to recover income tax and penalties assessed against plaintiff's income under Act Oct. 3, 1913 (38 Stat. 114), for the years 1913, 1914, and 1915, which was paid by him under protest. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 275 Fed. 643.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., for plaintiff in error.

Neile F. Towner, of Albany, N. Y., for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

---

MANTON, Circuit Judge. The complaint sets forth in separate causes of action claims for taxes and penalties assessed and paid under the 1913, 1914, and 1915 income tax laws. The total amount is $21,-602.16. Judgment was demanded for this amount, with interest and costs. The plaintiff in error demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. This demurrer was overruled, and judgment entered as demanded in the complaint.

One Anthony N. Brady died, leaving a will which provided, among other things, as follows:

"All the rest, residue and remainder of the real and personal property of which I may die, seized and possessed, I direct my executors and trustees to divide into six equal parts and I give, devise and bequeath the same as follows:

❊    ❊    ❊    ❊    ❊    ❊    ❊    ❊    ❊

"One part, to my executors and trustees, in trust, nevertheless, for the following uses and purposes, to wit: To collect and receive the rents, income and profits thereof and after paying all necessary expenses to dispose of the net rents, income and profits thereof as follows: I direct my executors and trustees to apply so much of said net rents, income and profits as they, in the exercise of their absolute discretion, shall deem proper for the maintenance, education and support during her minority, of my granddaughter, Marcia Ann Gavit, and I direct my executors and trustees in fixing the amount of said allowance to consider the station in life of my said granddaughter, my desire being that she shall be amply and liberally provided for in every way. All income to be applied to the maintenance, education and support of my said granddaughter and may be either so applied by my executors and trustees directly, or may in their discretion be paid by them to the guardian of the person of said minor, and the receipt of such guardian shall be full and complete discharge to them for all moneys so paid by them to such guardian. The balance of said net rents, income and profits shall be divided into two equal parts: One of the said parts shall be paid to my son-in-law, Erastus Palmer Gavit, in equal quarter yearly payments during his life. The other moiety shall be accumulated for the benefit of my said granddaughter. Upon the death of my said granddaughter before she attains her majority, whether her father be then living, or not, I give, devise and bequeath the capital of said trust estate to her issue in equal shares, per stirpes, and if she leaves no issue, whether her father be then living or not, I give, devise and bequeath said capital to my issue, share and share alike, per stirpes. When my granddaughter attains the age of twenty-one years, whether her father be then living, or not, and whether she then has living issue, or not, I direct that said trust shall cease, and I give, devise and bequeath the capital of said trust estate to my said granddaughter, her heirs and assigns forever."

Under this provision of the will, the defendant in error was entitled to share in the balance of the net rents, income, and profits which was to be divided into two equal parts, one of the said parts to be paid to the defendant in error in equal quarter yearly payments during his life. The plaintiff in error treated the moneys so received during the years 1913, 1914, and 1915 as income under the Income Tax Law, whereas the claim of the defendant in error is that it was a legacy, and hence not taxable. The Act of October 3, 1913 (38 Stat. 114–116), which is applicable, is as follows:

"A. Subdivision 1. That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States,

though not a citizen thereof, a tax of 1 per centum per annum upon such income, except as hereinafter provided; and a like tax shall be assessed, levied, collected, and paid annually upon the entire net income from all property owned and of every business, trade, or profession carried on in the United States by persons residing elsewhere.

"Subdivision 2. In addition to the income tax provided under this section (herein referred to as the normal income tax) there shall be levied, assessed, and collected upon the net income of every individual an additional income tax (herein referred to as the additional tax) of 1 per centum per annum upon the amount by which the total net income exceeds $20,000 and does not exceed $50,000, and 2 per centum per annum upon the amount by which the total net income exceeds $50,000 and does not exceed $75,000, 3 per centum per annum upon the amount by which the total net income exceeds $75,000 and does not exceed, $100,000, 4 per centum per annum upon the amount by which the total net income exceeds $100,000 and does not exceed $250,000, 5 per centum per annum upon the amount by which the total net income exceeds $250,000 and does not exceed $500,000, and 6 per centum per annum upon the amount by which the total net income exceeds $500,000. All the provisions of this section relating to individuals who are to be chargeable with the normal income tax, so far as they are applicable and are not inconsistent with this subdivision of paragraph A, shall apply to the levy, assessment, and collection of the additional tax imposed under this section.

"Every person subject to this additional tax shall, for the purpose of its assessment and collection, make a personal return of his total net income from all sources, corporate or otherwise, for the preceding calendar year, under rules and regulations to be prescribed by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury. * * *

"B. That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rents, dividends, securities, or the transaction of any lawful business carried on for gain or profit, or gains. or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise or descent."

Under the provisions of this will, the defendant in error received a certain portion of the increase of the estate of the testator for a definite period; that is, until the testator's granddaughter, Marcia Ann Gavit, who was the daughter of the defendant in error, attained the age of 21 years, at which time the entire one-sixth part of the trust estate bequeathed under this portion of the will was given to her absolutely. The gift to the defendant in error was further limited by the life of his daughter, for the will provided that, if she died prior to attaining the age of 21, defendant in error was to receive no further sums whatsoever under the will, and the entire trust estate went to the issue of his daughter, if any; otherwise, to the issue of the testator.

A bequest is a conditional or unconditional voluntary disposition of personal property by will. Merriam v. United States (C. C. A.) 282 Fed. 851, affirmed November 12, 1923, in 44 Sup. Ct. 69, 68 L. Ed. ——. In the Merriam Case, where the 1913 Income Tax Act, subdivision B, was considered, providing for a tax upon gains, profits and income derived from or "growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any lawful business carried on for gain

or profit, or gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise or descent," it was held to indicate an intention on the part of Congress to make the words "acquired by gift, bequest, devise or descent" an exception in the taxing act, rather than an exemption. The words of the statute used in the exemption clause of the act provide that income shall include all gains derived from compensation from the various sources except property acquired by bequest or devise.

Undoubtedly, the testator intended a legacy to the defendant in error. The gift received by the defendant in error is measured by the increase of the corpus of the estate, but this does not change the status of his position and what he receives continues to be a legacy or bequest and he is still a legatee. But it is urged by the plaintiff in error that, instead of receiving a definite sum or a definite portion of the corpus of the estate, the gift ceased to become a legacy and became income because it was paid as received from the earnings of the corpus of the trust fund. A sum of money invested under the terms of a will, the income of which is paid to the testator's son for life, and at his death, the principal to a third party, is a legacy under the New York law. In the Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013. So amounts paid periodically to a beneficiary, instead of in a lump sum, have been held to be legacies when so paid. United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. 137. Amounts received by beneficiaries out of the increase of the corpus of the testator's estate, are gifts or bequests. Westhus v. Union Trust Co., 164 Fed. 795, 90 C. C. A. 441; Lynch v. Union Trust Co., 164 Fed. 161, 90 C. C. A. 147. Income has been defined by the Supreme Court as a gain derived from capital, from labor or from both combined provided it is understood to include profit or gain through a sale or conversion of capital assets. Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Doyle, etc., v. Mitchell Bros. Co., 247 U. S. 179, 38 Sup. Ct. 467, 62 L. Ed. 1054. If this was solely a gift from the testator which came to him through a period of not to exceed 15 years (since his daughter was but 6 years of age), the fact that the amount was not definitely known and was not measured by a different method than a fixed share of the corpus of the estate, cannot alter its character as a gift or bequest. Nor is Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 Sup. Ct. 223, 66 L. Ed. 391, in conflict with this statement. There it was provided that income from a trust fund for the benefit of unborn and unascertained beneficiaries, was not made taxable by any language in the Income Tax Act of October 3, 1913. It is said:

"There was nowhere in the act a payment required of a fiduciary of a tax upon the income of the estate or trust property, the income from which he collects, except as it is to enure to the benefit of a person or an individual from whose income he is authorized and required to deduct the normal tax thereon."

That action was brought against unborn persons, so that whether or not the amount received was income as to them was not decided. The

trustees were held entitled to recover the entire income tax, both normal and supertax, which they had paid.

We are satisfied that the bequest to the defendant in error was not income under the act of 1913, and under section 2 B this sum is expressly excepted in determining what his income is for the purpose of taxation, as the act provides that net income of a taxable person shall not include the value of property acquired by gift, bequest, devise or descent. Merriam v. United States, supra. What in its nature is not income cannot be made such merely by Congress calling it such. Towne v. Eisner, 245 U. S. 425, 38 Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918D, 254. Under the Act of October 3, 1913, the levy, assessment and payment is upon the net income of any person residing in the United States, though not a citizen thereof under section 2 A, subd. 1. And under subdivision 2 "individuals" are charged with the normal tax and every "person" subject to additional tax must make a "personal" return and the net income of a taxable "person" is defined in section 2 B. There is nothing in the act which makes an estate a "citizen" or a "person" and the income of an estate is therefore not taxable. The 1916 act indicated a congressional intention to levy and impose an income tax upon an estate. 39 Stat. 757; Act of 1916, § 2 (Comp. St. § 6336b). The fact that the prior act is amended by the 1916 enactment demonstrates the intent to change the pre-existing law, and the presumption is that it was intended to change the statute in all particulars touching which we find a material change in the language of the act. United States v. Bashaw, 50 Fed. 752, 1 C. C. A. 653, reversed in the Supreme Court on other grounds 152 U. S. 436, 14 Sup. Ct. 638, 38 L. Ed. 505. The 1916 act omits the provision in the act of 1913 which, in defining income, excludes the "value of property acquired by gift, bequest, devise or descent" (Act of 1916, c. 463, § 2), and it makes a new provision for returns by trustees (section 8 [Comp. St. § 6336h]) and provides for an estate tax (section 200 [U. S. Comp. St. § 6336½a]), indicating that the latter act enlarged the scope of the Internal Revenue Law.

It is argued here that, because paragraphs D and E, section 2, of the act of 1913, provide that a guardian or trustee withhold a sum sufficient to pay the normal tax imposed under the act, that the income from the trust fund such as here becomes taxable. But these provisions were undoubtedly inserted to safeguard the government in obtaining the income of persons from property which they have by gift, bequest, devise, or descent, where the property is temporarily in the possession of the fiduciaries. Oftentimes the beneficiary does not obtain the corpus or capital of the property which he received under the will until some time after the right thereto is created. During this period, income accrues and the intent of the law is that the trustee shall render a return and pay the normal tax of persons subject to the tax. Here the defendant in error is not subject to the tax and received no part of the corpus of the estate, so that the sections referred to do not apply. In Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 Sup. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305, in construing the act of 1916, it was held that by provisions of the income tax law of that year, a

testamentary trustee is a taxable person, indicating that it was only under such section that such trust became taxable. And again in Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 Sup. Ct. 223, 66 L. Ed. 391, the court said:

"In the act of 1913, it would have been easy to require a trustee to pay an income tax on income received by him for unborn beneficiaries or for the trust or the estate. But Congress did not do so. In the next act, it did so. We cannot supply the omission in the earlier act."

While the moneys received by the defendant in error are income as to the estate, they are not income as to the defendant in error. We think that he acquired the moneys by bequest or devise, and they are not taxable.

Judgment affirmed.