**COMMISSIONER OF INTERNAL REVENUE v. DOBBINS.**

**No. 5407.**

Circuit Court of Appeals, Third Circuit.

Sept. 13, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for petitioner.

Joseph A. Lamorelle and William H. S. Wells, both of Philadelphia, Pa., for respondent.

Before DAVIS, Circuit Judge, and DICKINSON and FAKE, District Judges.

DAVIS, Circuit Judge.

Heretofore, this court determined the law applicable to this case on facts which were substantially like those now before the court and in a controversy between the same parties. Dobbins v. Commissioner, 31 F.(2d) 935, 936 (C. C. A. 3). The Commissioner of Internal Revenue in effect has asked that we reconsider the questions involved in that case in view of subsequent decisions of the courts which he believes are contrary to our decision.

Briefly, the facts set out before and in this case are as follows:

Edward T. Dobbins died testate and left his residuary estate in trust. The income of the trust was payable to his sister and brother, Mary and Murrell, for the life of Mary. Murrell died and under his will his wife, Emily, received his interest for the life of Mary in the trust. The Commissioner assessed an estate tax against the interests in the trust. Emily died, leaving a will, the effect of which gave, among other things, her son, the taxpayer, T. Munroe Dobbins, one-half of Murrell's interest in the trust for the life of Mary. The estate of Emily Dobbins paid an estate tax on the interest for the life of Mary in the trust estate. Prior to the termination of the trust estate by the death of Mary, the taxpayer received one-half of the share of the income of the trust of his

father, Murrell, and, after the death of his sister, Laura, two years prior to the termination of the trust with the death of Mary, the taxpayer became entitled by the terms of Laura's will to the whole of his father's share in the life estate in the trust.

In 1929, the year here involved, the taxpayer received $27,729.67 from the trust of the estate of Edward. The Commissioner included this amount in the taxpayer's gross income for 1929. On the authority of Dobbins v. Commissioner, supra, the Board of Tax Appeals disallowed the determination of the Commissioner and upheld the taxpayer. The Commissioner petitioned this court for a review.

Section 22 of the Revenue Act of 1928 (26 USCA § 2022) excludes from gross income property acquired by bequests, devises, or inheritances and exempts it from taxation. The income to property held in trust is taxable to the trustee except that a deduction is allowed on income which is to be distributed currently to beneficiaries. Sections 161 and 162 of the Revenue Act of 1928 (26 USCA §§ 2161, 2162). In a case within the exception the beneficiary is taxable.

The important thing is not to confuse income from inheritances with inheritances. The Commissioner, himself, twice treated the value of the interest of Murrell in the trust as an inheritance or legacy by imposing the estate tax on that interest. In our former opinion we expressed our judgment in the following language:

"While the fund here taxed might have been income to the estate of Murrell, it was a legacy in the hands of Emily M. Dobbins, received not from Edward T. Dobbins or his estate, but from Murrell Dobbins, under the residuary provisions of his will, and as such it was not taxable to Emily."

The Commissioner relies on several subsequent decisions. The most recent of these, Helvering v. Butterworth, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, held that a trustee was entitled to deduct income to the trustee paid over to the beneficiary, a widow, who elected to take under the terms of her husband's will. The Commissioner in that case argued that the election was the equivalent of purchasing an annuity and, therefore, the payments over were taxable to the trustee as in Burnet v. Whitehouse, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, wherein the will directed payment to the annuitant without reference to the existence or absence of income.

The fact is that in this case the amounts received by the taxpayer were distributions of a fund received under the will of Emily from the estate of Murrell. The taxpayer did not receive income on any fund. Section 22 (b) (3) of the act, 26 USCA § 2022 (b) (3), expressly excludes from gross income the value of property received by bequest. The exemption is plain, and only by a total disregard of the laws relating to testamentary dispositions of property could we hold that the fund received by the taxpayer was income to him.

Waud v. United States (Ct. Cl.) 48 F.(2d) 444, and Darcy v. Commissioner, 66 F.(2d) 581 (C. C. A. 2), were cited by the Commissioner to show that in a proper case there was no objection to subjecting property to both estate and an income tax.

The decisions in these cases are not apposite to the questions involved in the case at bar and do not affect it.

The order of redetermination of the Board of Tax Appeals is affirmed.