[Civ. No. 12172–S.    Second Appellate District, Division One.—May 10, 1939.]

In the Matter of the Estate of MINNIE H. WATSON, Deceased. LUCY EDWARDS, as Administratrix, etc., Appellant, v. HERBERT HUTCHINGS et al., Respondents.

Randall J. Hood for Appellant.

Richard A. Grant, Walter H. Odemar and Leonard L. Riccardi for Respondents.

WHITE, J.—Lucy Edwards, as administratrix of the estate of William W. Watson, deceased, appeals from a decree of the superior court made during probate, construing certain provisions of the will of Minnie H. Watson, deceased, setting up a testamentary trust and naming William W. Watson sole beneficiary thereunder. By her petition appellant sought to recover payments of $200 per month from the period between the date of death of Minnie H. Watson, creator of the trust, and the date of the death of the beneficiary, William W. Watson, basing her claim upon the contention that the bequest in the will of Minnie H. Watson to her brother, William W. Watson, was an annuity, or what is frequently called ''a bequest for maintenance'', and that, under the code (Prob. Code, sec. 162), annuities commence at the date of death of the testatrix.

Respondents contend that the disputed provisions of the will did not create either an annuity or a bequest for maintenance, and that if either an annuity or a bequest for maintenance was created, it was expressly provided in the will that the same should be payable out of the trust estate to be established from the residuum of the estate of Minnie H. Watson, and that no payments were to be made from any fund other than the said trust estate; that the intention of

the testatrix as expressed in the language of her will was that the trustee appointed by the probate court to administer the trust should pay all of the net income derived from said trust estate to decedent's brother, William W. Watson, as beneficiary; that if the trustee deemed it necessary, it could make extraordinary payments out of the trust estate during periods of illness or of want on the part of the beneficiary; and that should the net income of the trust be less than $200 per month, the trustee was directed to take sufficient money from the principal sum of said trust to pay the beneficiary not less than $200 per month; and finally, that since the beneficiary died prior to the decree of final distribution and consequent establishment of the trust, and since there are no other beneficiaries named in the trust, the devise and bequest to the trustee wholly lapsed and failed, by reason of which the residuum of the testatrix' estate should be distributed to respondents.

The pertinent facts are these: Minnie H. Watson died testate on August 19, 1931. Thereafter her will was admitted to probate and her estate was about ready for final distribution when the petition now before us was filed in the superior court. After making several specific bequests, including $10,000 to her brother, William W. Watson, whose executrix is appellant herein, and disposing of her personal effects and belongings, the testatrix by the tenth paragraph of her will devised and bequeathed all the rest, residue and remainder of her estate to Security-First National Bank of Los Angeles "as Trustee, in trust, nevertheless, for and upon the following uses and trusts, with full power and authority, subject to the express conditions hereinafter set forth, to manage, sell, lease, mortgage, transfer and convey any or all of the property of said trust estate, and to hold, apply, invest, reinvest, and dispose of the proceeds in accordance with the trust herein contained; to keep the *corpus* or principal of said trust invested in bonds, mortgages or real estate, or in other good income producing property and securities, and to collect and receive all interest and income arising therefrom; and out of the income from said trust estate, or out of the principal thereof in the event said income should be insufficient, to pay all necessary and proper charges and expenses, including reasonable compensation payable to said Trustee in the care, management and conservation of said

trust estate; to convey, transfer, distribute and allot the property belonging to said trust estate, both as to principal and interest, at the times, in the manner and to the person entitled thereto, as hereinafter specifically provided. After deducting from the income derived from said trust estate all the charges and expenses in the administration of said trust as hereinbefore provided, I direct said trustee to pay the balance of the income derived therefrom to my brother, William Walter Watson, for and during his lifetime.''

The will then provides that upon the death of the testatrix' brother, the trust should terminate, and makes disposition of the entire *corpus* thereof remaining, following which it is provided in the will that

''Said Trustee shall have full power and authority to invest said trust funds, to sell, transfer and convey any real or personal property which shall become a part of said trust funds, and to do any and all acts necessary in caring for said trust fund and property without first securing any order of Court therefor.

''All income payable under the provisions of this my Will shall be paid to each beneficiary named therein only upon his sole and separate receipt or written order, given at or about the time of payment, never in accordance with the sale, pledge, transfer or assignment therefor, and free from any liability for the debts of the beneficiary and from the control or interference of any third person.

''I authorize and empower my said Trustee to retain, subject to the provisions hereof, any and all of the property and securities comprising a portion of the trust estate received by said Trustee upon distribution to it, without liability for any decrease in value of said property and securities. Subject to the aforesaid provision, all investments and re-investments by said Trustee shall be in securities of the character authorized by the laws of the State of California for trust investments.

''If, in the sole, absolute and uncontrolled discretion of said Trustee the net income from the trust estate should not be adequate or sufficient to provide for the reasonable needs and comforts of my said brother, William Walter Watson, during any period or periods of his illness or other want or necessity, said Trustee may, and it is hereby specifically authorized and empowered, but it shall in no event be so re-

quired to do, and as often as it shall deem necessary, pay to or use, apply or expend for the use and benefit of my said brother, William Walter Watson, such portions of the principal of the trust estate, up to and including the whole thereof, as said Trustee may determine to be adequate or sufficient to provide for my said brother, William Walter Watson, during any such period or periods.

"It is my Will that my brother, William Walter Watson, should receive at least Two Hundred ($200.00) Dollars per month by virtue of this trust, and in the event the net income from my trust estate is not equal to the sum of Two Hundred ($200.00) Dollars per month, I hereby direct and authorize my Trustee to take from the principal fund of said trust such amounts from time to time as may be necessary to pay my said brother, William Walter Watson, a monthly sum of not less than Two Hundred ($200.00) Dollars."

The probate court found that it was the intention of decedent, Minnie H. Watson, as expressed in her last will and testament, that her brother, William W. Watson, was to receive the sum of "at least $200.00 per month, commencing from the date of death of deceased but to become due and payable from said trust alone and only in the event said trust was established by the distribution of her estate to the trustees and not otherwise." The court further found that by reason of the death of said beneficiary, William W. Watson, no trust could be set up or established.

Pursuant to the foregoing findings, the probate court entered its decree that William W. Watson, beneficiary under the trust, at the time of his death prior to the distribution of the estate in which the trust was created, had no interest in or to the residue of such estate, and directing that when the estate of Minnie W. Watson is distributed the entire residue thereof be distributed to the remaindermen.

So far as applicable to the case at bar, subdivision 3 of section 161 of the Probate Code defines an annuity as "a bequest of *certain specified sums periodically*", and section 162 provides in part that "annuities commence at the testator's death". In passing upon the claim of appellant that the provisions of the will establishing the testamentary trust created an annuity, we must determine what was the intention of the testatrix (sec. 101, Prob. Code), but such intention must be sought for in the language of the will. Courts

cannot speculate as to what was in the mind of the testator, what he intended to do, or what he intended to declare in his will, but our task herein is to determine what was meant by what the testatrix did declare in her will by the words she actually used therein (*Estate of Major*, 89 Cal. App. 238 [264 Pac. 542]; *Estate of Ogden*, 78 Cal. App. 412 [248 Pac. 680]; *Estate of Blake*, 157 Cal. 448, 458 [108 Pac. 287]; *Estate of Bourn*, 25 Cal. App. (2d) 590 [78 Pac. (2d) 193].) Presumptions and auxiliary rules applicable to probate matters are all subordinate to the cardinal rule just enunciated.

■ Examining the language of the will, we have no hesitancy in saying that the bequest to William W. Watson is not an annuity, for the reason that the amount to be paid monthly is not certain. The bequest in this case was not of a certain or definite sum to be paid by the executors of the will; but painstakingly and unequivocally the testatrix bequeathed only the residue of her estate to a trustee, and the income therefrom was to be paid monthly by the trustee, and not by the executor. The trustee of necessity could not disburse the income of the residue until upon final distribution the court determined what constituted the residue and distributed it to the trustee. The intention of the testatrix must therefore have been that payments were not to begin until the fund or property from which such income was to be produced was determined by the probate court and was distributed to the trustee, who was to make the payments. The use by testatrix in the particular provisions of her will with which we are here concerned of such terms as "in trust", "property of said trust estate", "*corpus* or principal of said trust", "income arising therefrom", "from said trust estate", "net income from the trust estate", and "authorize my trustee to take from the principal of said trust", all are indicative of an intention expressed in her will to have a trust established or set up before any benefits therefrom were to inure to the beneficiary. Such an interpretation is strengthened by the fact that in paragraph IV of her will the testatrix specifically bequeathed the sum of $10,000 to her brother, who was also the sole beneficiary under the trust. The tenth paragraph of the will further authorized the trustee to use such portion of the principal as might be necessary in the uncontrolled discretion of the trustee during any period of illness, want or necessity of the

beneficiary. Manifestly it cannot be successfully contended that such power delegated to the trustee could have been exercised prior to the latter's appointment by the probate court and distribution to such trustee of what was determined by the court to constitute the residue of the estate which was to be the *corpus* of the trust. (*Estate of Brown,* 143 Cal. 450 [77 Pac. 160]; *Clayes* v. *Nutter,* 49 Cal. App. 148 [192 Pac. 870]; *Fraser* v. *Carman-Ryles,* 8 Cal. (2d) 143 [64 Pac. (2d) 397].)

Appellant next makes the claim that the provisions of the will "constitute an annuity" because of the direction to the trustee to have recourse to the general assets of the trust estate when and if the income therefrom is insufficient to pay the beneficiary at least $200 per month. In this contention appellant cannot be upheld. A grant of power to a trustee by the testatrix to resort to the general assets of the trust estate if the income therefrom is insufficient to pay the beneficiary a minimum of $200 each month does not of itself create an annuity. The test is whether a certain specified sum periodically is bequeathed. (Prob. Code, sec. 161, subd. 3.) In *Estate of Brown, supra,* it is held that even though it appear from the will that the intention of the testator was that resort was *not* to be had to the general assets and that such intention must prevail, nevertheless such prohibition does not destroy the character of the annuity, and the annuitant is entitled to the payment of the annuity so long as the annuity fund created for such purpose is adequate to that end. It is the first clause of subdivision 3 of section 161 of the Probate Code which defines an annuity. The remaining portion of the subdivision merely provides that when an annuity exists in accordance with the definition thereof contained in the first clause, then resort may be had to the *corpus* or principal fund of the trust.

The foregoing conclusions at which we have arrived make it unnecessary to discuss other points raised by appellant, because if, as we hold, no payments had accrued or were payable at the time of the death of William W. Watson prior to distribution of the estate of his sister for the reason that the trust fund had not up to that time come into existence, it of necessity follows that there was nothing to descend to the heirs of William W. Watson.

The decree from which this appeal was taken is therefore affirmed.

York, P. J., and Doran, J., concurred.