[Civ. No. 13376. Second Dist., Div. Two. Nov. 6, 1941.]

Estate of LON F. CHAPIN, Deceased. MARY BEAN CHAPIN et al., as Trustees, etc., Appellants, v. NED LEROY CHAPIN et al., Respondents. MARY BEAN CHAPIN, Appellant, v. NED LEROY CHAPIN et al., Respondents.

606

James C. Hyne and Mabel Clausen for Appellants.

T. W. Ward and Luther M. Reed for Respondents.

SCOTT (R. H.), J. *pro tem.*—Two appeals herein are consolidated and will be considered as one. The first is by Mary Bean Chapin, widow of Lon F. Chapin, deceased, and H. Mitchell, as trustees under a testamentary trust; and the second is by Mary Bean Chapin as beneficiary under the same trust. Respondents are children of decedent by a prior marriage and are likewise beneficiaries under the provisions of the trust. The appeals are from the orders for payment of income of trust estate.

In the first case the trustees assert that the trial court erred in requiring distribution based on monthly receipts instead of on annual income; and in the second case Mary Bean Chapin claims certain "arrearages" in payments to her should have been satisfied before funds were allocated to beneficiaries other than Ralph Owen Chapin.

In establishing the trust the will in paragraph *Seventh* thereof provided as follows:

"After deducting from the income derived from said trust estate all charges and expenses in the administration thereof, I direct said trustees to pay the balance of said income, hereinafter referred to as 'net income', as follows, towit:

"(1) To my wife, Mary Bean Chapin, the sum of Four Hundred and Fifty ($450.00) Dollars per month, for and during her lifetime, from the date of my death.

"(2) To my son, Ralph Owen Chapin, the sum of One Hundred ($100.00) Dollars per month, from the date of my death, until the termination of this trust. In the event that

my said son, Ralph Owen Chapin, should suffer illness of more than temporary character and such as to incapacitate him from work for a protracted period, my trustees are authorized and empowered, in addition to the payments of net income made payable to him under the provisions of this subparagraph (2), to pay to my said son, or to expend and apply for his use and benefit, an additional sum of Fifty ($50.00) Dollars per month, for his comfortable support and maintenance in case of such illness or emergency.

"(3) To my children, towit: Grace June Mitchell, Ned Leroy Chapin and Alice May Fry, the sum of One Hundred ($100.00) Dollars per month, each, from the date of my death, until the termination of this trust. . . .

"(4) To my wife, Mary Bean Chapin, and to my children, towit: Grace June Mitchell, Ned Leroy Chapin, Alice May Fry and Ralph Owen Chapin, in equal shares, the remainder, if any, of said net income, until the termination of this trust, any such remainder of said net income to be paid to each such beneficiary at the end of each calendar year.

"(5) In the event there is not sufficient such net income to fully make all the payments thereof as hereinabove provided, I direct that the payment of said net income so provided to be made to my said wife, Mary Bean Chapin, and to my said son, Ralph Owen Chapin, shall be fully paid, and that *the remainder of said net income shall be paid monthly,* in equal shares, to my children named in sub-paragraph (3) of this Paragraph Seventh. (Italics added.)

"(6) In the event there is not sufficient such net income to pay two-thirds (2/3) of the payments of net income hereinabove provided to be made to my said wife, Mary Bean Chapin, and to my said son, Ralph Owen Chapin, then my said trustees are directed to deduct from the *corpus* or principal of said trust so much thereof as shall be required, when added to said net income, to insure a monthly payment of Two Hundred and Fifty ($250.00) Dollars to my said wife, Mary Bean Chapin, a monthly payment of One Hundred ($100.00) Dollars to my said son, Ralph Owen Chapin, and an additional monthly payment of Fifty ($50.00) Dollars to my said son, Ralph Owen Chapin, in case of any serious and protracted illness he may suffer. . . . ''

At the time of the hearing it appeared (1) that respondent Ralph Owen Chapin was incapacitated, due to an extended

illness; (2) that the net income had been insufficient to pay the full amounts to Mary Bean Chapin and Ralph Owen Chapin, but since the latter's illness it had been prorated between them; and (3) that from the beginning of the trust to August 1, 1940, Mary Bean Chapin received $30,416.55, which was $11,883.45 less than she would have received if the monthly amount of $450 had been paid, and Ralph Owen Chapin received $9546.22, being $1153.78 less than the full amount provided for him.

After the hearing the trial court instructed the trustees as follows:

"It is further ordered, adjudged and decreed by the Court that said testator contemplated a monthly division of the monthly income received and earned by said trust estate.

"It is further ordered, adjudged and decreed by the Court that said testator did not have in mind or intend by the terms of his said will in the event that in any calendar month the net income available for distribution should be insufficient to make the payments of income directed in said will, that in any future month or months any such arrearages of income should be made up to the beneficiary or beneficiaries who did not receive it in past months; and that said testator did not intend that the trustees under his will should accumulate any income received in any month to be applied in the payment of any arrearages that might occur thereafter.

"It is further ordered, adjudged and decreed by the Court that the trustees under the will of said Lon F. Chapin, deceased, be and they hereby are instructed to pay the monthly income received from said trust estate, beginning with the month of May, 1940, available for distribution . . . as follows: . . .

"Second: To said Mary Bean Chapin Four Hundred Fifty ($450.00) Dollars and to Ralph Owen Chapin One Hundred Fifty ($150.00) Dollars, or so much thereof as the remainder will proportionately permit; provided, however, that this paragraph is supplemental to and is not to be construed as conflicting with that portion of the order made by this Court in the matter of said estate dated January 9, 1939, embraced between line 23 on page 3 thereof and line 12 on page 4 thereof.

"Third: If the monthly income exceeds the amounts required by paragraphs First and Second immediately herein-

above set forth, then there shall be paid to each of Grace June Mitchell, daughter of said decedent, Ned Leroy Chapin, son of said decedent, and Alice May Fry, daughter of said decedent, the sum of $100.00 each, per month, or so much thereof, proportionately, as the remainder will permit.'

"Fourth: If the monthly income exceeds the amounts required as set forth in Paragraphs First, Second and Third immediately hereinabove set forth, then that excess should be impounded by said trustees to the end of the calendar year and on January 2nd of the succeeding year any such surplus, as provided by Paragraph 7, Subdivision 4 of the aforesaid will of said decedent should be divided, equally, between the following named persons, viz: Mary Bean Chapin, Ralph Owen Chapin, Grace June Mitchell, Ned Leroy Chapin, Alice May Fry.

"This order does not contemplate nor does it instruct the trustees as to any other than monthly receipts and monthly payments of income. Jurisdiction hereby is retained to further instruct the trustees as to disposition of *corpus* and/or income of said trust estate, in the event that income is received in any other manner than monthly."

The portion of the court's order of January 9, 1939, above referred to is merely a direction as to the means of carrying into effect the provisions of sub-paragraph (6) of paragraph Seventh of the will above quoted and is not in dispute.

Appellants contend that the trial court erroneously construed the will in making the order for monthly distribution based on monthly receipts instead of on annual income. Appellant Mary Bean Chapin urges that it improperly disregarded her right to have her "arrearages" paid up before the remaining beneficiaries other than Ralph Owen Chapin received any payments. These questions involve only a construction of the terms of the will and are matters for the determination of the trial court. The construction which the trial court placed on the will appears reasonable and consistent with the intention of the testator. The words in sub-paragraph (5), "the remainder of said net income shall be paid monthly," shows that he intended that the amounts for Mary Bean Chapin and Ralph Owen Chapin should be paid first each month and then the monthly balance should be used to pay the amounts provided for the other three

children, and that it was only after these sums had been paid that the trustees could retain any balance on hand to be divided among the beneficiaries at the end of the year. The will does not provide that any balance left each month after paying the amounts provided for Mary Bean Chapin and Ralph Owen Chapin should be kept in reserve to pay any arrearages which, as shown by the terms of the will itself, testator anticipated might occur. ■ The provision upon which appellants rely, to the effect that the amounts to Mary Bean Chapin and Ralph Owen Chapin "shall be fully paid," is part of the same sentence in which the language above quoted appears, requiring division of the monthly balance among the other children; and properly to construe this sentence as a part of the will in its entirety it was the duty of the trial court to give effect to all of the terms of the instrument and if reasonably possible to reconcile any apparent inconsistencies. The interpretation of the trial court has this effect. ■ When the construction given an instrument by a trial court appears to be reasonable and consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation even though it seems equally tenable. (*Estate of Boyd,* 24 Cal. App. (2d) 287 [74 Pac. (2d) 1049]; *Estate of Bourn,* 25 Cal. App. (2d) 590 [78 Pac. (2d) 193].)

■ Contemporaneously with the execution of the will appellant Mary Bean Chapin executed an instrument, annexed to the will, consenting to all the terms of the will and waiving community property rights to make it effective. Contrary to her contention on this appeal her co-operation with her husband in that regard does not warrant any preference beyond that provided in the will itself; for although it was an advantage to the testator to have her waiver, it is apparent that she has already benefited by the trust and will benefit still further, and she is bound by the terms of the will to which she expressly consented.

All parties concede that the extended illness of respondent Ralph Owen Chapin entitles him to the extra allowance so long as it continues. Appellants dislike to be bound to pay the additional amounts in the event of his restoration to health. To conform to the provisions of the will and the obvious intention of the trial court the order should be and it is hereby amended to add the following: "The additional

payments to Ralph Owen Chapin which are provided to be made in event of his extended illness shall be in effect and continue only so long and for such periods as such illness and resulting incapacity to work shall continue." (Code Civ. Proc., sec. 956a.)

As thus amended the order is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied December 4, 1941, and appellants' petition for a hearing by the Supreme Court was denied December 29, 1941.